No. 961.

STATE OF LOUISIANA VS. M. M. GIVEN.

A mere clerical error in the Information, such as *cash* instead of *case*, cannot be considered a serious ground upon which to avoid the verdict of the jury.

Objections to the manner of drawing a *venire*, must be made on the first day of the week for which the *venire* was drawn. Act No. 44 of 1877.

Evidence of alleged misconduct of the sheriff and the jury cannot be examined and considered by this Court, unless embodied or attached to a Bill of Exceptions.

APPEAL from the Fifth Judicial District Court, parish of Richland. *Richardson*, J.

F. G. Hudson, District Attorney, for the State, Appellee.
R. Ray and D. C. Morgan for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. M. M. Given was prosecuted under an information by the District Attorney on a charge of horse-stealing, and after trial, was con-

victed and sentenced to imprisonment at hard labor for one year in the State Penitentiary. After an ineffectual attempt for a new trial, and an unsuccessful motion in arrest of judgment, he has appealed to this Court, seeks to avoid verdict of the jury, and to reverse sentence and judgment of the lower court, on the following grounds :

First. That the information is defective, because in the sentence which should read, " contrary to the form of the statute of the State of Louisiana, in such *case* made and provided," the information contains the word *cash,* instead of the word *case.*

Second. That Act No. 54 of the Legislature of 1880, under which the jury was drawn, is unconstitutional, and violates article 29 of the Constitution of 1879, and that said jury was not drawn conformably to the provisions of Act No. 44 of 1877, requiring the jury to be drawn fifty days before the assigning of the court.

Third. That after being charged by the judge the jury was allowed to separate.

1. The first objection was made the ground of the motion in arrest of judgment, and is apparently urged as a serious objection ; but in our opinion it is simply the result of a clerical error, caused by an absence of mind in the District Attorney, who, unconsciously, wrote *cash* instead of *case,* as he evidently intended, as shown by the words preceding and following the objectionable word ; just as defendant's counsel, in their manuscript brief, while arguing this very point, inadvertently wrote *care* for *case.* This ground is not serious, and is absolutely untenable.

2. The second ground was contained in a challenge to the array of petit jurors which were drawn for the third week of the court, by reason of the alleged unconstitutionality of Act No. 54 of 1880.

This objection should have been urged on the first day of the week for which the venire had been drawn, that is, on the 17th of May, 1880, but was made only on the 18th of that month ; it was, therefore, too late, and cannot be considered. Act No. 44, 1877 ; 31 A. 91, 369.

3. The third objection has reference to the alleged misconduct of the jury and of the sheriff, for allowing one of the jurors to absent himself from the room when the jury was deliberating, and was made the ground for the motion of a new trial.

Evidence to show the alleged misconduct of the jury was introduced and taken down in writing, and is in the record, but it is not embodied in, or attached to, a bill of exceptions.

Under the Constitution and the well-settled jurisprudence of our State, established by numerous decisions, and recently re-affirmed by us in the case of the State vs. Charles Nelson, just decided, we have no jurisdiction in criminal cases over questions of fact, and can, therefore, take no cognizance of the evidence introduced in support of the alleged

misconduct of the sheriff and of the jury. We fully recognize, and shall in all ,proper cases exercise, our right to review the action of District Judges on motion for new trials in criminal causes, but when a question of fact is blended therewith, the facts must be made part of, or attached to, a bill of exceptions.

It is therefore ordered that the verdict of the jury in this case be maintained, and that the judgment of the lower court be affirmed with costs.