### No. 9439.

### THE STATE OF LOUISIANA VS. KILLIS JACKSON.

In an indictment for an assault with intent to murder, it is not necessary to set forth the mode of assault, or the means or weapon with which the assault was made.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson,* J.

---

*M. J. Cunningham,* for the State, Appellee.

*R. G. Cobb* for .Defendant and Appellant.

---

The opinion of the Court was delivered by

TODD, J. The defendant appeals from a sentence of two years' imprisonment at hard labor. He was tried and convicted of an assault with intent to murder, under Sec. 792, R. S.

1. There was a motion for a new trial which was overruled, but as this motion involved purely questions of facts on which testimony was taken in the lower court, and which is not before this Court as part of a bill of exceptions—no bill having been taken—under our repeated rulings, we are powerless to consider the motion. 35 Ann. 769, 823, 991; 36 Ann. 310.

2. There was a motion made in arrest of judgment as follows:

" That no valid and legal judgment can be rendered on the verdict of the jury or the allegations or charges in the indictment for this: That there is no crime denounced by the laws of the State of assault with intent to murder, unless the means, manner or method of said assault be stated, as required by the statutes of the State."

The indictment simply charged an assault with intent to murder without mention of the mode of assault or weapon used. The contention is that such omission is fatal to the indictment.

This is not a new question. Wharton thus lays down the law on this point: " In an indictment for an assault with intent to commit an offense, the same particularity is not necessary as is required in indictments for the commission of the offense itself. It is true that in indictments for attempts, it is requisite to set forth the mode of the attempt; but an assault (herein differing from an attempt) is *per se* indictable, and hence it is not necessary to go into details as to the mode. * * * * In an indictment for an assault with intent to murder, it is not necessary to state the instrument or means made use of by the assailant to effectuate the murderous intent."

This doctrine was expressly approved by a decision of this Court— State vs. Green, 7 Ann. 518—in which reference is made to the State vs. Dent, 3 Gill and John Rep. 8. See also 41 Vt. 564; 24 Mo. (3 Jones) 371; 42 Mo. 206; 23 Ind. 150. Now by subsequent enactment (Sec. 1048 R. S.) in an indictment for murder even, it is not necessary to set forth the manner in which, or the means by which, the death of the deceased was caused.

Judgment affirmed.