The opinion of the court was delivered by
Breaux, J.
The defendant was indicted under Act 17 of 1888, amending Sec. 794, for (with a certain dangerous weapon, to-wit: a razor) wilfully, feloniously and maliciously inflicting a wound less than mayhem.
*840 He was found guilty and sentenced to imprisonment at hard labor for six months.
After an ineffectual attempt to obtain a new trial and to arrest the judgment, he prosecutes this appeal.
His counsel moved for a new trial, upon the following grounds:
That an order issued by the court to separate the witnesses for the State and those for the defendant, during the trial, had been violated by one of the witnesses who remained in the court room, heard part of the testimony and informed two of the witnesses, prior to their examination, as to what had been testified to by the witnesses he had heard in court.
Testimony was admitted over the objections of the prosecuting ■officer, offered for the purpose of proving the allegations of the defendant in his motion for a new trial.
After having heard the testimony the court overruled the motion.
To this ruling the defendant did not reserve any bill of exceptions.
In other words, the evidence upon which the motion for a new trial was denied by the court below and the motion for a new trial are not brought up by bill of exceptions.
In the absence of such a bill this court will not review the action •of the trial court on a motion for a new trial in a criminal prosecution. State of Louisiana vs. Isaac Williams, 35 An. 742; State of Louisiana vs. Richard Comstock, 36 An. 309; State of Louisiana vs. Vincent, 36 An. 771; State of Louisiana vs. Jackson, 37 An. 467; State of Louisiana vs. Walker, 37 An. 560; State of Louisiana vs. Wire, 38 An. 684; State of Louisiana vs. Darrow, 39 An. 677.
Moreover, although not accompanied by the required bill of exceptions, we have given due consideration to the motion for a new trial, and to the testimony admitted, at the instance of accused, to prove the improper conduct of a witness, and the alleged error in ■overruling the motion for the new trial, and the consequent injury to the defendant.
The discretion of the lower judge does not seem to have been improperly exercised.
If the trial judge holds that the presence, during a short time, of a witness in court who may or who may not have informed other witnesses of the testimony he has heard was not prejudicial to the accused, the ruling does not present a question subject to review.
The order to separate the witnesses should be rarely withheld, but •“ the accused is not entitled to it as a matter of right.”
*841 “ The right of excluding witnesses for disobedience to the order, though well established, is seldom exercised in America, but the witness is punishable for contempt.” Grenleaf, Yol. I, Sec. 432.
“ The better opinion, however, seems to be that this is not demandable ex debito justitim.” Best’s Principles of Ev., p. 621.
“In such case it seems if a witness remain in court in violation of the order, it is in the discretion of the judge whether or not he shall be examined.” State vs. Gore, 15 An. 80.
It is a question addressed to the sound discretion of the lower court. State vs. Revells, 34 An. 381; State vs. Watson, 36 An. 148; State vs. Cole et al., 38 An. 845.
It is urged in arrest of judgment that a statutory offence, though resembling and nearly related to a common law offence, should be defined by the statute which denounces it, and that a prosecution could not lie under a statute which attempts to create, but does not define, a statutory offence.
The facts constituting the offence are set forth in the indictment with sufficient precision and particularity.
The offence (was declared in the act of 1858, and incorporated in the Revised Statutes of 1870, as Sec. 794.
The law-making power by Act 17 of 1888 amended and re-enacted that section by a slight change as to the penalty, and adding the words wilfully and maliciously as element of the offence.
The crime of inflicting a wound less than mayhem was denounced in the 5th section of the act of February 12 of 1849. This act was subsequently amended and changed in some respects.
The jurisprudence of the State has always, since |that date, considered that offence as distinctive, substantive and sufficiently defined.
Such is the tendency of the cases: State vs. Jacob, 10 An. 141; State vs. Ellis, 12 An. 390; State vs. Keogh, 13 An. 243; State vs. Taylor, 35 An. 836.
It is an offence in the interpretation of which nothing is left to the mere discretion of the judiciary.
Mayhem at common law consists in bodily harm to another person such as to render him less able to defend himself or to annoy his adversary, as distinguished from one which merely disfigures or does not disable.
At common law the latter is denounced and defined as an assault *842 and battery — i. e., an assault and battery in which a wound less than mayhem is inflicted is denounced and a punishment provided.
In Louisiana certain wounds less than mayhem are separately classed — that is, assault and battery of an aggravated character, re - suiting in a wound less than mayhem, is denounced by the act under which the prosecution in this case was instituted.
The case of the State vs. Gaster, ante, p.-, is relied upon by the defendant, in which we decided that the crime for which the defendant was prosecuted in that case was not denounced and defined by the statute relating to “ any misdemeanor in the execution of their respective offices.”
In the section of the statutes interpreted in State vs. Gaster it was attempted to denounce a crime by reference to a generic term.
It would have comprehended every crime in office less than felony, without precision or definition.
It would have included a number of different acts.
It would have created a sea of uncertainty as to all acts less than felony.
We therefore held: “But language of such wide and indefinite import as to leave absolutely uncertain what acts are -within and what without the statutory prohibition, can not operate as a valid criminal statute.”
In the case at bar the legislative intent is clearly expressed!
The essentials of the crime are set forth in the indictment and the defendant was amply informed of the charge he was called upon to answer.
We therefore maintain the order of the district judge, refusing a new trial, and overruling the motion in arrest, and decree that the judgment appealed from be affirmed.