The opinion of the court was delivered by
McEnery, J.
The defendants were indicted for the crime of robbery, convicted and sentenced to hard labor.
They appealed.
They present eight bills of exception, including two for overruling separate motions for a new trial.
Bill No. 1 was taken to the ruling of the trial judge in discharging a juror who had been sworn and accepted, but discharged for cause before the completion of the panel.
The juror’s wife was related to the accused. She was their second cousin, and this was sufficient for the dismissal of the juror from the panel. The right of the judge to discharge a juror in case of evident moral and physical necessity, is now a part of the fixed jurisprudence of this State, established by a number of decisions. In this case the jury had not been completed, and no evidence had gone to the jury. Reason and authority sustain the action of the trial judge. State vs. Costello, 11 An. 283; State vs. Diskin, 34 An. 919; State vs. Moncla, 39 An. 868; State vs. Nash and Kid Barnett, 46 An. 194, and cases and authorities cited therein.
Bill No. 2. The question was asked the prosecuting witness for the State on cross-examination if he had sworn to his tax assessments for the last few years. The object of the testimony was, as stated in the bill, to impeach the credibility of the witness, and also as tending to destroy the allegations of ownership of the property in said witness. The witness had testified that he had accumulated the money said to have been stolen before, during and since the war. For neither of these purposes was the testimony admissible. The fact that he did not swear to his assessment, or that he did, has no bearing in the case and was not by itself competent testimony. The fact that if he swore to the assessment, and failed to place the money alleged to have been stolen on the assessment rolls, would *857 not r- ,j destroy his actual or apparent ownership of the proper».. possession of the money without title would he sufficient' to suj. uhe charge in the indictment. But the effect of the objection was done away with when the trial judge in his ruling permitted the introduction in evidence of such an oath if made. It was not offered in evidence.
Bill No. 8. The witness, Sophenia McLin, having been sworn for. the State, to impeach her testimony, a witness was asked on cross-examination, “ Do you know what the general reputation for chastity of Sophenia McLin is in the community in which she lives?”
On the objection of the prosecuting attorney the trial judge ruled against the admission of the testimony.
The defendants reserved a bill. They rely upon the case of State vs. Parker, 7 An. 88; State vs. Jackson, 44 An. 160, and McInerny vs. Irwin, 7 So. Rep. 841. The practice in our courts has been settled in the first case cited, but it goes no further than to allow the introduction of evidence as to general bad character, so as to show such moral turpitude in the witness that no one would be justified in believing him under, oath. In such a case it is not necessary to restrict the inquiry to reputation for truth and veracity, but to show, his character was such that the witness would not, from its viciousness, believe him under oath.
. The inquiry must be into general character of the witness and.not as to any particular act or any particular line- of conduct, although after the general reputation is established the witness may, as in the case of State vs. Parker, state the disreputable lines of conduct of the witness, thathewas “idle, dissolute, had a notorious character for act-' ing fraudulently and falsely,” of extorting money by force and cheating the unwary and feeble, and had no means of support and lived. among lewd and abandoned women. Prom such vices; it is an: inference, that no truth can spring.
In the case of State vs. Jackson, 44 An. 160, the testimony received was as to the habits of the witness in associating with lewd and abandoned women. On appeal to this court, we said the inquiry was restricted, and therefore did not come within the reasons statéd in the case of State vs. Parker, 7 An. 88.
In paragraph 486, Wharton’s Criminal Evidence, it is stated, and supported by reference to many cases in the several State reports,, that “ it has been held inadmissible, in order to attack veracity, to *858 prove the bad character of a female witness for chastity, or to show that she is a prostitute, or to prove habits of intemperance which do not affect the perceptive or narrative powers.”
In the case of McInerny vs. Irwin, 7 So. Rep. 841 (Supreme Oourt of Alabama), the rule as to general reputation to impeach the credibility of a witness is, in all essential respects, similar to the rule here. In that case, in reference to the impeachment of a female witness fcr chastity, the court said: “In refusing to permit the witness to be impeached by evidence of her alleged bad character for chastity and virtue, or by showing that she was a common prostitute, the Gircuit Oourt but followed the settled rule of law announced by this and other courts on the subject.”
Bill No. 4 is the same in effect as No. 8, and the reasons stated there for the sustaining of the ruling of the trial judge will apply to this bill.
■■ Bill No. 5 was reserved to the ruling of the trial judge in the admission of testimony to show that the defendant, J. W. Stafford, subsequently broke jail. In his statement to the bill the trial judge says the testimonyjjwas offered “ to prove flight by the accused and admitted by the court to show guilt, if unexplained.”.
• The testimony was admissible. State vs. Beatty, 80 An. 1266; 31 An. 804; 37 An. 77.
Bill No. 6. The defendant, Wm. Hobgood, was on the witness stand and was ordered to give a certain conversation, which was admitted over the objection of the State. ' W. B. Kemp, assisting the prosecution, remarked aloudtthat he would not thereafter object to anything which Mr. Hobgood might choose to say. The defendant reserved a bill of exceptions to said remarks. .It does not appear from'the bill that the trial judge was called upon to make any ruling, and we do not see to what the bill is applicable. There was nothing in the remark to throw discredit on the testimony, and it was addressed to the associate counsel,[who had jiist urged an objection to a question to the accused by his counsel. ' “The remark,” says the judge, “was made soffo voce.” The objection was frivolous. .
Bill No. 7 is reserved to the overruling of the motion of the defendant, J. W. Stafford, for a new trial.
There was no testimony taken on the' motion for a new trial, and it will not, of course, be necessary to notice that part of the formal allegation that the verdict was contrary to the law and the evidence. *859 The motion alleges that the “ assistant prosecuting attorney and district attorney argued to the jury and led them to consider evidence which had been ruled out by the court, as to the defendant, and further inducing the jury to base their verdict upon the testimony so ruled out.”
The defendant’s counsel made no objection to the argument at the time it was made, and called for no ruling of the court, upon which he could, if adverse to him, have reserved his bill. It is too late to make the objection in a motion for a new trial. And this statement will apply to objections to the charge of the judge to the jury in the motion. Objections to it should have been made in season. It can. not be presented in a motion for a new trial.
Bill No. 8 is taken to the overruling of the motion of the defendant, Wm. Hobgood, for a new trial.
A motion for a new trial solely on the ground that the verdict is contrary to the law and the evidence is not entitled to notice by this court. This has so often been decided that its discussion here is wearisome.
Judgment affirmed.