State vs. Dunn.

No. 13,884.

STATE OF LOUISIANA VS. J. E. DUNN.

SYLLABUS.

MOTION TO DISMISS THE APPEAL.

1. The prosecution was for selling liquors, other than for medicinal and sacramental purposes, within limits stated in the indictment.

2. The right of appeal is granted in such cases from a judgment which decrees a law unconstitutional. But no law was declared unconstitutional; on the contrary the court of the first instance maintained the indictment as valid and the sentence as legal.

3. Defendant was prosecuted for a mere misdemeanor. The sentence does not fall within the lower limits of the jurisdiction of the Supreme Court. The appellate jurisdiction cannot be substituted for the supervisory jurisdiction, to have asserted illegal proceedings reviewed.

APPEAL from the Thirteenth Judicial District, Parish of Grant— Blackman, J.

*Walter Guion,* Attorney General, and *James Andrews,* District Attorney, (*Lewis Guion,* of counsel), for Plaintiff, Appellee.

Defendant, Appellant, *pro se.*

The opinion of the court was delivered by

BREAUX, J. At the October term of the District Court for the Parish of Grant, defendant was indicted for selling intoxicating liquor other than for medicinal, scientific, or sacramental purposes, within five miles of the Colfax High School. He was, after trial, found guilty and sentenced to pay a fine of two hundred dollars and in default of payment to be imprisoned for sixty days.

### ON MOTION TO DISMISS THE APPEAL.

The attorney general interposed a motion to dismiss on the ground that this court has no jurisdiction for the reason that no law of this State has been declared unconstitutional by the court of the first instance, and, secondly, that no fine exceeding three hundred dollars or imprisonment exceeding six months has been imposed by the District Court, and because these propositions dispose of all the grounds brought up on appeal.

We have found that the defendant moved in the lower court to quash the indictment on the ground that the statute he assails under which he was tried and convicted was enacted in violation of Article 48 of the Constitution, being in conflict with its prohibitory terms. It appears of record that this motion was referred to the merits by the presiding judge. Defendant, at the time, reserved all his rights, as we take it, to urge his grounds of defense. The record does not contain any reference to this motion. If it was overruled, no bill of exceptions was reserved and nothing shows what was done with the motion. It must have been overruled, for the case is before us on appeal, as before stated, from a sentence of conviction.

It is manifest that the court *a qua* did not decide that the law defendant attacked is unconstitutional. The textual provisions of the Constitution on the subject of appeal set forth that this court has jurisdiction in all cases in which the constitutionality of any "tax, toll or impost whatever or a fine or forfeiture or a penalty imposed by a municipal corporation shall be in contestation, whatever may be the amount thereof, and to all cases wherein an ordinance of a municipal corporation or law of this State has been declared unconstitutional."

It is very evident that the defendant has no right to an appeal under the terms of the Constitution just quoted. No law was declared unconstitutional.

Defendant here is the only one complaining of the statute denouncing the sale of intoxicants within the limits designated. He does not seek to appeal from a decree declaring its unconstitutionality, but, on the contrary, is attempting to appeal because of the lower court's refusal to decree its unconstitutionality.

The second ground urged for its dismissal is even more fatal than the first. Defendant was prosecuted for a mere misdemeanor and the sentence imposed is far below the minimum jurisdiction of this court. He has not been condemned to imprisonment exceeding six months nor

Land Company vs. Sholars.

to pay a fine exceeding three hundred dollars, essentials as relates to jurisdiction. One against whom it may be that an unconstitutional statute is brought to bear in cases of a criminal nature has no right to an appeal in those cases not within the jurisdictional limit on appeal. He is none the less not without remedy and he may have the proceedings reviewed, but not on appeal. The supervisory jurisdiction provides ample protection in all such cases. If the defendant chooses not to avail himself of the right he may have under the article of the Constitution vesting this court with supervisory jurisdiction, he can not in these cases be heard on appeal.

The distinction between supervisory jurisdiction and appellate jurisdiction is defined both in law and in a number of decisions. We must adhere to the jurisdictional lines which are well defined.

For these reasons, the appeal is dismissed.