No. 14,221.

STATE OF LOUISIANA VS. LEON PITRE.

SYLLABUS.

1. An exception to the method by which an objection is saved must specify the particular finding objected to and further disclose all that is necessary to make the asserred error evident.

2. The record should contain a transcript of so much of the testimony as to enable the court to determine whether an error has been committed. This may be done by annexing copy of the evidence to the bill of exceptions.

3. Besides, the senrence does not fall within the minimum limit of the jurisdiction of this court.

APPEAL from the Sixteenth Judicial District, Parish of St. Landry.—*Lewis, J.*

*Walter Guion,* Attorney General, and *R. Lee Garland,* District Attorney, (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*C. F. Garland,* for Defendant, Appellant.

ON MOTION TO DISMISS THE APPEAL.

The opinion of the court was delivered by

BREAUX, J. An indictment was preferred by the Grand Jury of the Parish of St. Landry against the defendant for obstructing a public road. The defendant was tried before the district judge, found guilty, and sentenced to pay a fine of one hundred dollars and costs or to imprisonment for three months. From the conviction and judgment defendant appeals.

Before this court the Attorney General moved to dismiss the appeal on the ground that no fine exceeding three hundred dollars or imprisonment exceeding six months had been imposed, and further, that the constitutionality or legality of a fine was not at issue in the District Court, nor had any ordinance of a municipal corporation or any other law been declared unconstitutional. The contention of the defendant in so far as the pleadings show, presented only in his motion

for a new trial, is that the fine in question was imposed for the averred violation of a Police Jury which the defendant charges is unconstitutional, illegal, and null.

The law officers of the State, in seeking to meet this position of the defendant, set forth at some length the terms of the ordinance in question which the defendant attacks on the grounds just mentioned of unconstitutionality and illegality. This ordinance ordained that all roads in the parish should be laid out by a jury of competent freeholders appointed by the Police Jury.

The defendant, in his motion for a new trial, charges that no road was established by a jury of freeholders and that this ordinance was totally disregarded and ignored.

In the second place, again by way of application for a new trial, defendant charges that the Parish of St. Landry never acquired that land which the road in question traverses and that without showing on its part that a public road was regularly opened, he cannot be held guilty of a criminal offense, and, lastly, that the petition addressed to the Police Jury bearing his signature to open a public road at the place it was located cannot estop him from contesting the legality of the Police Jury's action.

The judge of the District Court refused to grant a new trial. The defendant was then condemned as before stated.

Counsel for the State point to the fact that defendant did not reserve a bill of exceptions to the ruling of the trial judge refusing to grant a new trial. There is no bill of exceptions in the record and none appears to have been reserved.

After the motion for a new trial had been overruled, defendant moved to place documentary evidence in the record. This motion was granted and this evidence was placed of record and is part of the transcript. It consisted of a petition addressed to the Police Jury for a public road signed by the defendant and three other persons, and of copies of other papers showing the action taken by this jury in matter of public roads.

Is the evidence before us in form required is the question which presents itself for our decision? Complaint alone is not all that is necessary to bring up a question for review on appeal. The defendant is required to urge in time his objection and to reserve his points. In the absence of a bill of exceptions informing the court on appeal of the objections to the findings of the lower court, it is as if no objection had

been raised. There was no defect apparent of record. State vs. Campbell, 48 Ann. 781.

Bills of exceptions come from the Common Law which we are not at liberty to change. "Either side may require the trial judge to sign a bill of exceptions stating the point wherein he is supposed to err. The bill of exceptions is in the nature of an appeal examinable not in the court out of which the record issues for the trial at *nisi prius*, but in the next immediate superior court upon a writ of error after the judgment given in the court below." Cooley's Blackstone, Book III, p. 371. The exception is, in general, as indispensable as the appeal itself, or the objection by which it is preceded and which it is intended by recital in the bill to render evident on appeal.

It may be contended on the part of the defendant that in order to entitle one to a review of error it is only necessary to call the court's attention to the error in the motion for a new trial by pleading the error as ground for a new trial. In addition the bill of exceptions must show that the asserted error was seasonably pointed out to the court. The evidence not being before us upon which the defendant based his motion for a new trial, we, under the rule established by repeated decisions, are constrained to let the sentence remain undisturbed.

A very similar question was considered some time since and decided adversely to the contention now urged by the defendant, citing a number of decisions. State vs. Hagan, 45 Ann. 840.

We do not consider that the order of the learned district judge to let the evidence be filed, as before stated, is to be considered in the light of a substitute to, or equivalent of, a bill of exceptions.

Although we might have stopped at this point of the case, we extended our examination further and became convinced that this court is without jurisdiction. There was no fine, forfeiture, or penalty, imposed by a municipal corporation, and no ordinance of a municipal corporation has been declared unconstitutional. Art. 88 of the Constitution. No fine exceeding three hundred dollars and no imprisonment exceeding six months has been imposed and no question raised which comes within the appellate jurisdiction of this court.

We think that the reasons given in dismissing an appeal recently are determinative of the issues in the appeal here. State vs. Dunn, 105 La. 355.

For these reasons the appeal taken in this case is dismissed.