(122 So. 858)

No. 29868.

**STATE v. FISHER.**

May 20, 1929.

Murff & Perkins, of Shreveport, for appellant.

Percy Saint, Atty. Gen., R. H. Lee, Dist. Atty., of Minden (E. R. Schowalter, of New Orleans, of counsel), for the State.

BRUNOT, J. The accused is a woman; she was indicted, tried, and convicted of the crime of murder. The jury, however, rendered a qualified verdict, and, pursuant to the provisions of R. S. § 1000, she was sentenced to hard labor for life in the Louisiana State Penitentiary. From the verdict and sentence she appealed.

There is but one bill of exception in the record. The accused pleaded self-defense. She was sworn as a witness in her own behalf and testified, in chief, that she was a single woman and a teacher in the public schools of Bossier parish; that the deceased was a married man, that they were intimate and had been living in a state of concubinage; that their relations were becoming the subject of gossip, and, fearing that the parish superintendent would learn of her indiscretion and dismiss her as a teacher, she had refused to again meet the deceased for the purpose of sexual intercourse; that on the day of the homicide, at or about dark, she met the deceased near a filling station; that deceased charged her with being near the filling station for the purpose of meeting some other man; that he drew a pistol and said he would kill her before he would let her leave him for another; that, fearing that her life was in danger, she grabbed the pistol and stabbed the deceased with a knife which she had in her hand. When she was tendered for cross-examination the district attorney asked her this question, viz.:

"Have you not had sexual relations with one Will Vinson?"

The question was objected to by counsel for the accused for three reasons, viz.: Because the testimony sought to be elicited by it was irrelevant to the issue; that the character of the accused had not been put at issue by her; and, that the veracity of a female witness cannot be attacked by proof of her unchastity. The court overruled the objection and permitted the question and the answer thereto to go to the jury. This bill was reserved to that ruling.

The court, in its per curiam, after stating the testimony given by the accused in chief, substantially, as it is stated in the bill, says:

"The District Attorney asked her on cross examination if she had not had intercourse with one Will Vinson, solely for the purpose of rebutting her testimony as to the reason, or motive for the deceased wanting to kill her and for the further reason, as was clearly shown by the next question of the District Attorney, 'You are not then claiming that you killed the deceased because he ruined you' to which no objection was raised and to which she answered 'no.' "

"The court considered the testimony strictly in rebuttal of defendant's testimony in chief and it could not have damaged her character for the reason that she had voluntarily testified that she had been keeping the deceased, was his outside woman, that she was single and the deceased married and living with his wife."

It is clear to our minds that the testimony which was objected to was irrelevant and prejudicial and was not in rebuttal of any

testimony given by the accused, if her testimony is correctly stated in the bill of exception and in the court's per curiam.

The state made no attempt to fix the time when the accused had sexual intercourse with Will Vinson—a fortiori, it might have been years prior to the homicide with which she was charged.

It would require an unreasonable stretch of the imagination to hold that proof of a remote indiscretion, totally disconnected with the case on trial, could be properly admitted in evidence to rebut the statement of the accused that she had severed her subsequent illicit relations with the deceased in order to preserve her status as a public school-teacher.

■■ In trials for murder it is the accepted rule that prior acts of the accused are admissible when they legitimately tend to show the motive of the accused for committing the homicide. This rule has grown out of the tendency of the courts to extend rather than narrow the scope of the introduction of evidence as part of the res gestæ. Res gestæ are events speaking for themselves through the instinctive and spontaneous words or acts of the participants. They must be necessary incidents of the criminal act or immediate concomitants of it. It is upon the same theory that evidence of an extraneous act showing intent or system is admissible. But this court has never held that prior acts of an accused, which are in no way connected with the crime charged, and proof of which would not be in strict rebuttal of some material fact testified to by him, can be legally admitted in evidence against him.

■ The testimony which was admitted over defendant's objection was not only irrelevant to the issue being tried, but, it tended to show that the accused was promiscuously unchaste, and was, therefore, likely to preju-dice her defense. In the case of State v. Blassengame, 132 La. 250, 61 So. 219, this court held that the admission of testimony which is irrelevant and likely to operate to the prejudice of the accused is reversible error. If we were in doubt as to the effect of the testimony upon the jury, it is our duty to revolve this doubt in favor of the accused. In State v. Conda, 156 La. 679, 101 So. 19, this court said:

"It is frequently very difficult to draw the line between error which is harmful and error which is not. Where doubt is present, the accused should receive the benefit."

For the reasons stated, the verdict is avoided, the sentence is set aside and this case remanded to be tried according to law.

O'NIELL, C. J., absent, takes no part.