168 So. 766

## STATE v. GREEN.

No. 33864.

May 25, 1936.

A. Sidney Burns, of Lake Charles, for appellant.

Gaston L. Porterie, Atty. Gen., John J. Robira, Dist. Atty., and Coleman D. Reed, Asst. Dist. Atty., both of Lake Charles, and Lessley P. Gardiner, Sp. Asst. to Atty. Gen., for the State.

LAND, Justice.

The defendant, charged with cutting with intent to murder, was tried by jury, found guilty as charged, and was sentenced to the state penitentiary for not less than three years, nor more than nine years. Defendant has appealed.

The record contains bills of exceptions Nos. 1 and 2 and a motion for a new trial.

### Bill No. 1.

While Eloise Angel, a state witness, was on the witness stand, counsel for defendant propounded to her the following question: "Is it not a fact that you were

then making your living plying your trade as an immoral woman?"

This question was objected to by the district attorney for the reason that the testimony of the witness could not be impeached by showing, as a fact, that she is immoral, as the witness' reputation for truth and veracity cannot be impeached in that manner.

■ This objection was properly sustained by the judge a quo.

It is well settled that impeaching evidence is not admissible to show that a female witness is unchaste or is a prostitute. State v. Hobgood, 46 La.Ann. 855, 15 So. 406; State v. Baudoin, 115 La. 837, 40 So. 239; State v. Romero, 117 La. 1003, 42 So. 482; State v. Aenspacker, 130 La. 717, 58 So. 520; State v. Johnson, 141 La. 775, 75 So. 678; State v. Fisher, 168 La. 584, 122 So. 858.

The above jurisprudence of this court on the subject has been expressly incorporated in article 491 of the Code of Criminal Procedure, which declares that: "When the general credibility is attacked, the inquiry must be limited to general reputation, and can not go into particular acts, vices or courses of conduct."

### Bill No. 2.

While Edgar Williams, the prosecuting witness, was on the stand, he was asked by the district attorney: "What Union do you belong to?" This question was objected to by counsel for defendant for the reason that the witness had previously testified that he never had any difficulty with the accused or any words with the accused

and that the mere fact of being members of rival unions, if such a fact exists, is too remote to form the basis for proof of malice.

■ The objection to the question was overruled by the trial judge for the following reasons, which appear in the per curiam to this bill:

"When the question objected to was asked, I assumed that the district attorney was going to show, or attempt to show, that some feeling existed between the rival unions, the defendant belonging to one and the prosecuting witness to the other, but when this particular question was answered, the district attorney pursued the subject no further with this or any other witness. I think the question was relevant, especially if the district attorney had been able to show any feeling between the unions, but since he made or attempted to make no such showing, I fail to see any injury whether the ruling was correct or incorrect."

■ It is well settled that, to entitle him to a reversal, defendant must show that injury resulted to him.

### Motion for New Trial.

The motion for a new trial was overruled, but defendant did not reserve a bill of exceptions to the ruling of the trial judge.

In State v. Pullen, 130 La. 249, 254, 57 So. 906, 908, this court said:

"The motion for a new trial is not before us. No bill of exceptions was taken as to that motion.

"The court will not review or pass on the ruling of the lower court in a criminal case, except where the objection and ruling are set forth in a formal bill of exceptions. State v. Given, 32 La.Ann. 782; State v. Nelson, 32 La.Ann. 842; State v. Williams, 35 La.Ann. 742; State v. Comstock, 36 La. Ann. [308] 309; State v. Jackson, 37 La. Ann. 467; State v. Rodrigues, 45 La.Ann. [1040] 1041, 13 So. 802."

In State v. Pitre, 106 La. 606, 608, 31 So. 133, 134, it is said: "Complaint alone is not all that is necessary to bring up a question for review on appeal. The defendant is required timely to urge his objection, and to reserve his points. In the absence of a bill of exceptions informing the court on appeal of the objections to the findings of the lower court, it is as if no objection had been raised."

In State v. Hagan, 45 La.Ann. 839, 12 So. 929, it was held, as stated in the syllabus: "Without a bill of exceptions, although the ruling and the evidence adduced appear upon the face of the record paper, the refusal of a new trial by the court is not properly before the appellate court for review."

Without reserving any bill at all at the time, counsel for defendant complains in his motion for a new trial, for the first time, that the trial judge "severely and unwarrantedly reprimanded Counsel for the accused * * * which reprimand consisted of an order and direction by the Court in an angry and threatening tone, not to ask such questions again," and that the conduct of the court "was highly prejudicial to his case, and resulted in the ju-

ry's not believing any of the defense witnesses, nine in number."

Counsel for defendant not only did not reserve a bill to the refusal of the trial judge to grant a new trial, but he failed to reserve, at the time, a bill to the alleged conduct of the trial judge.

This court has repeatedly held that bills of exceptions must be reserved at the time, and must be presented to, and signed by, the trial judge, and that it is too late to reserve a bill of exceptions for the first time in a motion for a new trial.

The conviction and sentence appealed from are affirmed.

O'NIELL, C. J., absent.