357 So.2d 531 (1978)
STATE of Louisiana
v.
Charles RISEN.
No. 60862.
Supreme Court of Louisiana.
April 10, 1978.
*532 Loyola Law School Clinic, William J. O'Hara, III, Supervising Atty., Charles N. A. Gould, Student Practitioner, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Vincent Paciera, Jr., Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendant Charles Risen was charged by bill of information with possession of heroin in violation of La.R.S. 40:966. On May 12, 1977, after trial by jury, the defendant was found guilty of attempted possession of heroin, a responsive verdict. Subsequently the State filed a bill of information pursuant to La.R.S. 15:529.1 charging the defendant as a multiple offender. After amendment of the original multiple bill, the defendant admitted the allegations charged and was sentenced to serve ten years at hard labor.
On January 6, 1977, at approximately 8:40 p. m., New Orleans police officers William Nichols and Earl Frizzard, in the course of an investigation, stopped at Hilda's Bar located on the corner of Flood and Robertson Streets in New Orleans to question some individuals. When they had concluded their interviews, Officer Frizzard waited while Officer Nichols went to use the restroom. As he opened the restroom door, Officer Nichols observed the defendant and two other individuals crowded around a commode and saw the defendant shove a plastic envelope in the open part of a toilet paper roll. The officer removed the plastic envelope, observed a number of tin foil packets inside, and arrested the defendant. The two companions were also arrested but were not tried with the defendant.
In the trial court five assignments of error were filed on behalf of the defendant. In brief, no argument has been presented in connection with assignment of error number five. Therefore, it will not be discussed in this opinion.
At the trial on the merits, the State called police officer David Peralta and qualified him as an expert in the field of identifying *533 track marks. Officer Peralta testified that on the date of the defendant's arrest, he examined the defendant and found evidence of track marks consisting of both scabs and fresh punctures. All of the assignments of error relate to the admission of Peralta's testimony about track marks.
ASSIGNMENT OF ERROR NO. 1
In assignment of error number one the defendant contends that the trial court's failure to exclude Peralta's testimony was reversible error because the State had answered "not applicable" to a question contained in the defense's application for bill of particulars, which read as follows:
"If the State intends to offer evidence of other criminal offenses under exceptions outlined in R.S. 15:445 and 15:446, please furnish a statement of the specific acts or offenses it intends to so offer along with a specification of the exception to the general exclusionary rule upon which the State relies for the admissibility of the evidence."
For the reasons stated below, Peralta's testimony amounted to the introduction of other crimes evidence outlined in La.R.S. 15:445 and 15:446. Therefore, if the State intended to introduce this evidence at the time it answered the bill of particulars its response was incorrect. However, the defendant's failure to object to the evidence on the grounds that it varied from the bill of particulars constituted a waiver of his objection to this irregularity or error. State v. Glover, 304 So.2d 348 (La.1974); State v. Smith, 139 La. 442, 71 So. 734 (1916); see also,, La.C.Cr.P. art. 488.
This assignment is without merit.
ASSIGNMENT OF ERROR NO. 2
Similarly, in assignment of error number two the defendant contends that the introduction of Peralta's testimony resulted in prejudicial error because the State had answered "the defense is not entitled to this information" when, in the application for bill of particulars, it was asked the following:
"Has any of the evidence in this matter been subjected to scientific testing or chemical analysis of any kind, and if so, please furnish in detail such tests used and the results achieved."
It is the defendant's position that the inspection by Officer Peralta of the defendant's arm shortly after his arrest was a "scientific test" and that the results of the inspection should have been furnished to the defendant before trial. Because of the nature of the case, however, the question appears to refer only to any tests which may have been performed on the substance seized from the defendant in the restroom. Accordingly, the State reasonably could have failed to associate the defendant's interrogatory with the inspection of defendant's arm for track marks.
This assignment is without merit.
ASSIGNMENT OF ERROR NO. 3
By assignment of error number three defendant argues that the trial court erred in allowing the introduction of Peralta's testimony over his timely objection that this evidence exceeded the scope of the State's opening statement.
The prosecuting attorney apparently began to refer to the track marks evidence in his opening statement when he stated "I will also have another New Orleans Police Department officer who works in the Narcotics Division and has done so for a long time who will explain . . .." At that point, however, he broke off the statement and began to discuss other matters. The reason for the incomplete statement does not appear from the record. The State contends in brief that the reference was terminated because the trial judge had not ruled on the admissibility of the track marks and that it might have been considered prejudicial error to refer to it in the opening statement and then not adduce any testimony with respect thereto during the course of the trial. In brief, defense counsel suggests that the prosecutor's action in this regard indicates possible bad faith on his part.
*534 Article 766 of the Louisiana Code of Criminal Procedure requires the State to set forth "in general terms," the nature of the evidence by which it expects to prove the charge. Evidence "not fairly within the scope of the opening statement" may not be admitted unless the trial court, within its discretion, finds that the evidence was "inadvertently and in good faith omitted" and that its admission will not surprise or prejudice the defendant in the preparation of his defense. La.C.Cr.P. art. 769.
The trial judge's overruling of the defendant's objection indicates that he either considered the evidence concerning track marks to be fairly within the scope of the opening statement or found that its admission merely remedied a good faith omission from the opening statement without prejudice to the preparation of the defense. In previous decisions, we have held that the State need not give in minute detail all evidence by which it intends to prove its case. E. g., State v. George, 346 So.2d 694 (La.1977). The defendant presumably was aware of the inspection of his track marks by Officer Peralta. The defense attorney was apprised by the opening statement that a New Orleans narcotics officer would be called as a witness. The State's explanation for the lack of specificity in the opening statement was plausible. In view of these factors, we cannot say the trial judge erred or abuse his discretion by admitting the testimony.
This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 4
In this assignment defendant contends the trial court committed reversible error by overruling his objection to the prosecuting attorney's reference to Officer Peralta's testimony during closing arguments. Since we have concluded that the officer's testimony was properly admitted, it follows that a reference to it in closing argument was not objectionable.
This assignment is without merit.

Prieur Notice Argument
Defendant has in brief presented argument on an additional issue. It is the defendant's position that evidence of the track marks was evidence of other criminal acts of the accused introduced under the provisions of La.R.S. 15:445 and 15:446 to show intent or knowledge and that since no notice setting forth the State's intention to introduce the evidence was filed prior to trial as required by State v. Prieur, 277 So.2d 126 (La.1973), the evidence should have been excluded.
In State v. Prieur, supra, this Court outlined the procedure to be followed by the State when it intends to introduce other crimes evidence for the purpose of showing knowledge or intent. This procedure requires the State to furnish the defendant with written notice including a statement of the acts or offenses it intends to offer within a reasonable time before trial. State v. Prieur, supra, and its progeny also established as prerequisites to the introduction of other crimes evidence a finding by the trial court that there is clear and convincing evidence of the commission of the other crime and of the defendant's connection therewith; that the evidence of the other crimes be found relevant to a material fact actually at issue; and that the trial court balance all pertinent factors and exclude the other crimes evidence, even if independently relevant, when its probative value is outweighed by its prejudicial effect. See, State v. Sutfield, 354 So.2d 1334 (decided January 30, 1978); State v. Ledet, 345 So.2d 474 (La.1977); State v. Gaines, 340 So.2d 1294 (La.1976); State v. Moore, 278 So.2d 781 (La.1973).
On this issue the State presents somewhat inconsistent arguments. First, it contends that track marks on a suspect at the time of his arrest tend to prove guilty knowledge that the substance possessed by him is heroin, because of his prior use of it. On the other hand, however, the State also argues that the track marks evidence does not relate to a crime but only to the defendant's status as a drug user.
The latter argument by the State does not appear to be realistic. Although *535 we recognize that a state cannot make it a crime for a person to be addicted to the use of narcotics, Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962), the likelihood of a person contracting the illness of narcotics addiction innocently or involuntarily would appear to be very small. Moreover, the possibility of an addict's sustaining his habit, however contracted, without committing unlawful acts of drug possession would seem to be smaller still. Consequently, evidence of narcotics injections will almost always constitute evidence of prior criminal acts of illegal narcotics possession.
Accordingly, we conclude that the evidence of track marks was evidence of other criminal acts such that the prerequisites set forth in Prieur were applicable. However, after carefully studying the record, we find none of defendant's objections were based on the State's failure to give a Prieur notice before trial. Even when given their broadest construction, defendant's objections did not fairly apprise the trial judge of this irregularity in the proceedings as required by law. La.C.Cr.P. art. 841. Before and during Officer Peralta's testimony defense counsel objected on the basis that the evidence exceeded the scope of the opening statement and that it was irrelevant. Neither of these objections reasonably could have directed the trial judge's attention to the absence of a Prieur notice. Therefore, although we find merit in defendant's argument in brief on this issue, we conclude that the question was not raised during trial or preserved for us on appeal. For the same reason we pretermit the additional questions of whether the track marks evidence was relevant to a material fact actually at issue in the instant case and whether the probative value of this evidence was outweighed by its prejudicial effect.

CONCLUSION
Although we conclude that evidence of track marks on defendant's arm at the time of his arrest constituted evidence of other crimes, i. e., unlawful acts of narcotics possession, such that the prerequisites set forth in State v. Prieur, 277 So.2d 126 (La.1973) were applicable, the introduction of this evidence did not amount reversible error because the State's failure to comply with the Prieur rules was not raised by a proper objection before verdict.
The defendant's conviction and sentence are affirmed.
SANDERS, C. J., and SUMMERS, J., concur.
MARCUS, J., concurs and assigns reasons.
MARCUS, Justice (concurring).
After defendant's arrest for the instant offense, track marks consisting of both scab and fresh punctures were discovered on defendant's person. Evidence that defendant bore track marks at the time of the commission of the crime was relevant to prove defendant's guilty knowledge that the substance possessed by him was heroin, an essential element of the crime charged. I disagree with the majority opinion that Peralta's testimony concerning the existence of track marks at the time of arrest amounted to the introduction of evidence of other crimes under La.R.S. 15:445 and 446 which was subject to the procedural guidelines set forth in State v. Prieur, 277 So.2d 126 (La.1973). Hence, I concur in the result only.