(89 South. 883)

No. 24738.

STATE v. WICHERS.

(Oct. 31, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Indictment and information ⇐176—State may prove offense occurred at any time within one year of the indictment.**

In a prosecution for statutory rape, the time charged in the bill of indictment was not material, and where witness denied that it happened on the date fixed in the indictment, it is sufficient to prove that the offense was committed at any time within the prescriptive period of one year prior to the indictment.

2. **Criminal law ⇐369(8), 374—In prosecution for statutory rape, evidence of other acts of intercourse admissible to show likelihood of offense charged.**

In a prosecution for statutory rape, evidence of acts of sexual intercourse other than the one charged is admissible to show the relations between the parties and the likelihood that the offense charged had been committed, and the fact that some of the acts in evidence were prescribed was immaterial, where not too remote to be of value.

3. **Rape ⇐35(3)—In a prosecution for statutory rape, evidence of a sexual act held not inadmissible for want of prosecutrix's consent.**

In a prosecution for statutory rape with prosecutrix's consent, evidence of sexual intercourse *held* not inadmissible on the ground that it was rape by force, where prosecutrix stated that she did not consent but resisted, and where all the evidence shows that she did consent, though reluctantly.

Appeal from Twenty-Eighth Judicial District Court, Parish of Jefferson; Prentice E. Edrington, Judge.

Benedict M. Wichers was convicted of statutory rape, and he appeals. Affirmed.

Fred A. Middleton, of New Orleans, for appellant.

A. V. Coco, Atty. Gen., C. A. Buchler, Dist. Atty., of Gretna (T. S. Walmsley, of New Orleans, and Andrew H. Thalheim, of Gretna, of counsel), for the State.

OVERTON, J. The defendant was tried in May, 1921, upon the charge of having had, on August 29, 1920, sexual intercourse with an unmarried female, 15 years of age, with her consent; and from a verdict of guilty and the judgment of court sentencing him to the state penitentiary, he prosecutes this appeal.

At the comencement of the trial the state sought to establish, by the young girl with whom it is alleged the accused had sexual intercourse, the crime charged in the bill and the date of its commission; and in the course of the examination the state asked the witness the following questions:

"Q. Now Mr. Wicher is charged with having connection with you on the 29th of August of last year; is that correct?

"A. No, sir.

"Q. Is that true?

"A. No, sir.

"Q. Did Mr. Wicher on that day have connection with you?

"A. No, sir.

"Q. What day was it?"

[1] The defendant then objected to any act of sexual intercourse, except such as may have occurred on the particular day set forth in the indictment.

The objection is not well founded. It is true that the indictment charges that the offense was committed on August 29, 1920, and the witness answered that no offense was committed on that day. The time charged in the bill of indictment was not material. It was sufficient to prove that the offense charged was committed at any time within the prescriptive period of one year prior to the finding of the indictment. State v. Agudo, 5 La. Ann. 185.

[2] The next bill of exception was reserved to the ruling of the court in admitting in evidence other acts of illicit intercourse, between the same parties, than the act charged. It is also contended that some of these acts, the first one especially, which is of date September, 1917, are prescribed.

The state offered the evidence concerning which complaint is made. It shows that the first act was committed in September, 1917, and was repeated from time to time till sometime in July, 1920. The state appears to have relied upon the last act as the one charged, for that is the only one that it fully developed evidence concerning, before tendering the witness, the young girl with whom the relations, were had, for cross-examination.

Evidence of acts of sexual intercourse other than the one charged, was admissible. It was admissible to show the relations between the parties, and thereby the likelihood that the offense charged had been committed. In other words, it is corroborative evidence. The fact that some of the acts of illicit intercourse were prescribed was immaterial, as it appears that they were not too remote to be of value as evidence. Here the evidence shows that they were sufficiently connected to form a chain of such acts reaching from September, 1917, until some day in July, 1920, the date of the last sexual act, the one charged.

Defendant relies on 3 Rice on Evidence, § 157. This section states the general rule that the commission of one offense is not admissible to prove another. However, that rule has its exceptions, and one of them is that in sexual crimes other acts than the one charged are admissible as corroborative evidence. To quote from the same authority:

"The general rule undoubtedly is that one crime cannot be proved in order to establish another independent crime, but this rule does not apply to cases where the chief element of the offense consists in illicit intercourse between the sexes. The decisions all agree that the sexes are not within the rule." 3 Rice on Evidence, § 531, p. 844.

[3] Defendant, however, contends that the illicit act of September, 1917, was not carnal knowledge with the consent of the parties, but rape, if it occurred. He contends that evidence of rape was not admissible, and cites in support of his position State v. Riggio, 124 La. 615, 50 South. 600, which holds that, in a trial of a person charged with assault with intent to commit rape, evidence of other assaults by the defendant against the same person is not admissible. We, however, do not find that the act of September, 1917, was rape. It appears from the cross-examination that while the witness states that she did not then consent, but resisted, yet when all of the evidence attached to the bill is considered, it becomes evident that she did consent, though reluctantly. The long period during which the illicit relation existed bears us out in our conclusion. For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL and DAWKINS, JJ., concur in the result.