(90 South. 686)

No. 25025.

### STATE v. HARRIS.

(Jan. 30, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Indictment and information** ⊝87(6)—**Indictment charging concubinage on specified date held sufficient, although crime is a continuing offense.**

Indictment charging a white man with cohabitation with a colored woman, in violation of Act No. 206 of 1910, as having been committed on a specified day, was not bad for failure to allege that it had continued for a longer period, notwithstanding that concubinage is a continuous or continuing status.

2. **Criminal law** ⊝369(2)—**Evidence of acts of intercourse other than the one charged admissible.**

In a prosecution of a person for having had illicit sexual intercourse with a particular individual on a particular occasion, evidence is admissible to prove other occasions of sexual intercourse between the same individuals.

Appeal from Sixth Judicial District Court, Parish of Ouachita; Fred M. Odom, Judge.

Frank Harris was convicted of concubinage, or cohabitation with a colored woman, and he appeals. Affirmed.

Briggs & McHenry and Harry H. Russell, all of Monroe, for appellant.

A. V. Coco, Atty. Gen., and David I. Garrett, Dist. Atty., of Monroe (T. S. Walmsley, of New Orleans, of counsel), for the State.

BAKER, J. Appellant, a white man, was convicted of concubinage or cohabitation with a colored woman, in violation of Act 206 of 1910, p. 344. He filed a motion in arrest of judgment because the indictment charged merely that the offense was committed on a specified day, without averring that it had continued for a longer period. The bill of exceptions taken to the overruling of the motion presents the only question for decision.

[1, 2] Appellant's argument is that, inasmuch as concubinage is a continuous or continuing status, it cannot exist on only one day. That is true; but, if the parties lived together in concubinage, they were guilty of the offense on each and every day in the period of cohabitation. Evidence was admissible, and, we presume, was admitted, to prove that what was done on the date set out in the indictment was done habitually. It is well settled that, in a prosecution of a person for having had illicit sexual intercourse with a particular individual on a particular occasion, evidence is admissible to prove other occasions of sexual intercourse between the same individuals. State v. Wichers, 149 La. 643, 89 South. 883. Therefore it was not necessary to specify in the present indictment each and every occasion on which the parties had given evidence of their illicit relation to each other.

In State v. Rose, 147 La. 243, 84 South. 643, we held that it was not essential to a valid indictment for keeping a disorderly house, defined in the statute and described in the indictment as a place where lewd dancing was permitted, to allege that the offense continued longer than the day on which it was charged to have been committed.

The verdict and sentence appealed from are affirmed.