(91 South. 66)

No. 25053.

**STATE v. GRANTHAM.**

(Feb. 27, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Incest** ⬧⬧6—**Single act of intercourse "cohabiting."**

A single act of sexual intercourse constitutes "cohabiting" within Act No. 78 of 1884, declaring guilty of incest whoever within prohibited degrees of consanguinity for marriage knowingly intermarry or cohabit without marriage.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cohabit–Cohabitation.]

2. **Indictment and information** ⬧⬧176—**Intercourse on date other than charged in incest indictment may be proved.**

Proof of intercourse at times other than on the date charged in the indictment for incest is properly admitted.

3. **Criminal law** ⬧⬧919(3)—**Remarks of district attorney in argument held not ground for setting aside verdict.**

Remarks of district attorney to the effect that he appeared before the jury as the elected representative of the people and under oath, required to act impartially, while the defense attorneys were defendant's hired counsel, *held* merely argumentative, and not ground for setting aside the verdict.

O'Niell, J., dissenting in part.

Appeal from Twenty-Fifth Judicial District Court, Parish of Livingston; Robert S. Ellis, Judge.

Alvin Grantham was convicted of incest, and appeals. Affirmed.

Ponder & Ponder, of Franklinton, C. A. McSwain and Robert R. Reid, of Amite, for appellant.

A. V. Coco, Atty. Gen., and M. J. Allen, Dist. Atty., of Amite (W. B. Kemp and Hypolite Mixon, both of Amite, and T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

PROVOSTY, C. J. Act 78, p. 101, of 1884, provides that—

"Whoever shall hereafter knowingly intermarry or cohabit without marriage, being within the degrees of consanguinity within which marriage is prohibited," etc.

Accused was indicted under this statute for cohabiting with his daughter, and was convicted, and has appealed.

The indictment charges that the accused so cohabited "on the ——— day of July, 1919."

[1] The contention of accused is that a single act of sexual intercourse does not constitute the crime denounced by said statute; but that in order to come under said statute the incestuous relations must be continuous.

In support of this contention, it is said that the word "cohabit" implies continuousness; that a single act of sexual intercourse is not cohabitation; and the cases of State v. Chandler, 96 Ind. 591, and Richey v. State, 172 Ind. 134, 87 N. E. 1032, 139 Am. St. Rep. 362, 19 Ann. Cas. 654, are cited, where the word was given that meaning. But in the statute there interpreted the word clearly implied continuousness. This statute reads:

"Whoever cohabits with another in a state of adultery or fornication," etc. Burns' Ann. St. 1908, § 2353.

And the court said:

"To cohabit, in the sense in which that word is used in this statute, is for a man and woman to live together in the manner of husband and wife."

In another case cited by accused, Spikes v. State, 98 Miss. 483, 54 South. 1, the statute reads:

"If any man and woman shall unlawfully cohabit, whether in adultery or fornication, * * * it shall not be necessary, to constitute the offense, that the parties shall dwell together publicly as husband and wife, but it may be proved by circumstances which show habitual sexual intercourse." Code Miss. 1906, § 1029.

Here the statute itself imparted to the word the meaning of continuousness. One of our own decisions has gone fully into the meaning of this word as used in this statute, and held the meaning to be "simply that of sexual intercourse." State v. Freddy, 117 La. 121, 41 South. 436, 116 Am. St. Rep. 195.

[2] Proof of sexual intercourse at other times besides that named in the indictment was objected to; but was properly admitted. State v. De Hart, 109 La. 578, 33 South. 605; State v. Wichers, 149 La. 643, 89 South. 883.

[3] Objection was made to the following bit of eloquence indulged in by the district attorney in his closing argument before the jury:

"I appear before you in this case, not as the counsel who have preceded me, not as a hired counsel, but as a representative of the state of Louisiana. I do not appear as a hired counsel for the state nor of the accused. Gentlemen, my position in handling this case is to be impartial to the state and the accused. I have no pen to ink, and no axe to grind with them, not with anybody. I have nothing at all against Mr. Grantham. I feel towards him just like I do to one of you gentlemen. He is accused before the court, and it is my duty to prosecute him; it is my duty to prosecute him for the state. I am the agent to prosecute him, being elected by the people, elected by you. I am the agent selected by you and the balance of the people. I am under the same oath the judge is. I have to take an oath the same as you did, but not the same as that of a juror. That is the position I take; still, at the same time, the defense lawyers are trying to do this and trying to do that. God forbid that I should do anything to send an innocent man to the penitentiary. Now, there have been some big speeches made here, made by the defense attorneys. Were they made because they loved Mr. Grantham? They are here in his behalf as his hired counsel."

The bill of exception states that—

"The said objection was disposed of by the court as shown by the stenographer's notes hereto attached."

The notes are not attached; but no harm thereby results, as we find the said remarks to have been merely argumentative, and therefore not ground for setting aside the verdict.

The other bills merely present anew the points hereinabove considered.

Judgment affirmed.

O'NIELL, J., does not concur in the opinion that "cohabiting" means "having sexual intercourse."

DAWKINS, J., concurs in the decree.