(115 So. 909)

No. 28951.

## STATE v. MISCHIRO.

Feb. 13, 1928.   Rehearing Denied March 12, 1928.

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⬡632—Right to allotment of prosecution, to determine which judge should dispose of case, might be waived (Const. 1921, art. 7,. § 86).**

Right to allotment of prosecution in criminal district court for parish of Orleans, under Const. 1921, art. 7, § 86, to determine which of judges of that court should dispose of case, might be waived, in view of sections 82, 83.

**2. Criminal law ⬡895—Accused may waive constitutional, statutory, or common-law rights, except when forbidden by superior principle of law.**

Accused person may waive his constitutional, statutory, or common-law rights, except when this is forbidden by some superior counter principle of law deemed necessary for his protection.

**3. Criminal law ⬡1031(1)—Objection to failure to allot prosecution, to determine which judge should dispose of case, raised for first time on appeal, was too late (Const. 1921, art. 7, § 86).**

Where objection to failure to allot prosecution in criminal district court for parish of Orleans, under Const. art. 7, § 86, and to thereby determine which judge should dispose of case, was raised for first time on appeal to Supreme Court, it was too late.

**4. Rape ⬡40(5)—Testimony to sexual intercourse previous to act charged held admissible as corroboration, in prosecution for intercourse with unmarried female between 12 and 18 years old with her consent (Act No. 192 of 1912).**

Testimony of prosecuting witness to sexual intercourse with defendant prior to act charged *held* admissible in corroboration of act charged, in prosecution for having sexual intercourse with an unmarried female between the ages of 12 and 18 years with her consent, under Act No. 192 of 1912.

**5. Witnesses ⬡344(2)—Testimony of prosecutrix on cross-examination as to illicit relations with others held inadmissible to impeach her testimony (Act No. 192 of 1912).**

Testimony of prosecuting witness on cross-examination as to whether she had illicit re-

165 LA.—23

lations with others than defendant *held* not admissible to impeach her testimony, in prosecution for having sexual intercourse with an unmarried female between 12 and 18 years of age with her consent, under Act No. 192 of 1912.

**6. Rape ⬡4—Defendant, charged with sexual intercourse with unmarried female between 12 and 18 years old with her consent, cannot show unchastity (Act No. 192 of 1912).**

Defendant, charged with sexual intercourse with unmarried female between ages of 12 and 18 years, with her consent, under Act No. 192 of 1912, has no interest in showing unchastity of female, because offense may be committed with unchaste woman, as well as with chaste one.

Appeal from Criminal District Court, Parish of Orleans; A. D. Henriques, Judge.

Vincent Mischiro was convicted of having sexual intercourse with an unmarried female between the ages of 12 and 18 years with her consent, and he appeals. Affirmed.

Maurice R. Woulfe, of New Orleans (Joseph F. Poche, of New Orleans, of counsel), for appellant.

Percy Saint, Atty. Gen., Eugene Stanley, Dist. Atty., and J. Bernard Cocke, Asst. Dist. Atty., both of New Orleans, for the State.

OVERTON, J.   On May 31, 1927, an affidavit was filed in the criminal district court for the parish of Orleans, charging defendant with the violation of Act 192 of 1912, by having sexual intercourse with an unmarried female between the ages of 12 and 18 years with her consent. The case was allotted the day following the filing of this affidavit to section A of the court. A few days later the assistant district attorney filed a bill of information against defendant, charging him with the offense as charged in the affidavit. Thereafter the case was transferred under the rules of court from section A to section C. While the case was pending in section C, the assistant district attorney filed another bill of information against defendant for the same offense, and a few days later had a nolle prosequi entered in the case in which

the first bill was filed. The only difference between the two bills is that the first charged the offense as one continuing from day to day for a number of weeks, whereas the second one limited the offense to a single act, committed on a specified date. When the second bill was filed, there was no new allotment of the case. Defendant was tried on the second bill, was found guilty, and was sentenced to the penitentiary for not less than 3 nor more than 5 years.

[1] The first ground urged by defendant for a reversal is that there was no allotment of the prosecution instituted by the second bill of information, as provided by section 86 of article 7 of the Constitution of 1921, and hence that section C of the court was without jurisdiction to try him on that bill. The section of the Constitution referred to, so far as pertinent, reads as follows:

"All prosecutions instituted, or cases filed on appeal or otherwise in the criminal district court for the parish of Orleans, and all cases transferred to said court, shall be equally allotted by classes among the judges of said court, and each judge or his successor shall have exclusive control over any case allotted to him from its inception to its final disposition in said court: Provided, however, the said judges shall have authority to provide by rule for the exercise of jurisdiction by any judge over any case previously allotted. * * *"

One of the contentions of the state is that there was no necessity for an allotment of the case, brought into existence by the filing of the second bill of information, for the reason that the second bill was filed merely to take the place of the first one; the allotment having been made, not on the first bill of information filed, but on the affidavit preferring the charge, which is the allotment, it is urged, the law contemplates.

[2] Whatever merit the position here taken by the state may have—and it seems to possess considerable merit—we prefer basing our ruling upon another ground. The Constitution provides that there shall be but one criminal district court for the parish of Orleans, which shall be composed of five judges. Constitution of 1921, art. 7, § 82. The criminal district court for the parish of Orleans had jurisdiction of the offense charged against defendant. Const. art. 7, § 83. The only question that could have been determined by an allotment, granting that a new allotment was necessary, was: By which of the five judges or five sections of the court should the case be tried and disposed of? As the criminal district court for the parish of Orleans had jurisdiction of the case, we think that the question as to which of the five judges or sections of that court should dispose of the case is one that may be waived by the defendant. "An accused may waive his constitutional, statutory, or common-law rights, except when forbidden by some superior counter principle of law deemed necessary for his protection. 'Necessity is the foundation for this doctrine. Without it a cause could rarely be kept from miscarrying.'" State v. Rose, 114 La. 1061, 1065, 38 So. 858. In our view allotment is not jurisdictional to such an extent that the failure to allot cannot be waived.

[3] It is true that in State v. Addotto, 34 La. Ann. 1, while our predecessors suggested that an objection to the failure to allot might come too late, if made for the first time after the imposition of sentence, still it was there held that the objection urged for the first time in a motion for a new trial was timely. In the case at bar defendant did not urge the objection in the trial court, but raised it for the first time in this court, as an error patent on the face of the record. This we think was too late. Moreover, even had defendant raised the objection before sentence, though not until after his trial had begun, we think that the objection would not have been timely, and, in so far as the Addotto Case holds to the contrary, we think it should be overruled. A defendant should not be permitted

to sit by and see his case tried without previous allotment, and then, if he is convicted, complain. Our conclusion is that, if a new allotment, was necessary, the objection comes too late.

[4] Another complaint of defendant is that the court permitted the prosecuting witness to testify over his objection to acts of sexual intercourse, committed previous to the one charged, which the witness claimed defendant had with her. In a prosecution for the offense of unlawful sexual intercourse, other acts between the same individuals than the one charged are admissible in corroboration of the latter. There is no merit in the objection. State v. Wichers, 149 La. 643, 89 So. 883; State v. Harris, 150 La. 383, 90 So. 686; State v. Grantham, 150 La. 621, 91 So. 66.

[5] Another complaint of defendant is that the court refused to permit him, on objection made by the state, to prove by the prosecuting witness that she had had illicit relations with others, the court stating, in making the ruling, that the girl's character was not at issue. Counsel urges that by this ruling he was denied the right of impeaching the testimony of this witness by showing that she was a person of immoral reputation and character.

[6] It is obvious that the court, in referring to the girl's character, had reference to her character for chastity. "A female witness cannot be impeached by an attack upon her character for chastity, or even by showing that she is a common prostitute." 40 Cyc. p. 2605; State v. Hobgood, 46 La. Ann. 857, 15 So. 406; State v. Baudoin, 115 La. 837, 40 So. 239; State v. Romero, 117 La. 1003, 42 So. 482. The case of State v. Reed, 41 La. Ann. 583, 7 So. 132, cited by defendant, is not pertinent. That was a case in which the defendant was charged with rape. In such a case evidence of the general reputation of the prosecuting witness for chastity is relevant, as bearing upon the question of consent. However, where the charge preferred against the accused is one of having sexual intercourse with an unmarried female, between the ages of 12 and 18 years, with her consent, denounced by Act 192 of 1912, the defendant has no interest in showing that the offense was committed with the consent of the female, since her consent is an element of the crime, and he has no interest in showing that she was unchaste, because the offense may be committed with an unchaste female as well as with a chaste one. Our conclusion is that defendant's complaint is not well founded.

For the reasons assigned, the judgment appealed from is affirmed.