296 So.2d 286 (1974)
STATE of Louisiana
v.
Harley Preston MORGAN.
No. 54445.
Supreme Court of Louisiana.
June 10, 1974.
*287 Robert A. Lee, Brown & Wicker, Monroe, Frank N. Chambliss, Jones, Blackwell, Chambliss, Hobbs & Henry, West Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice:
After trial by jury on the charge of aggravated rape of his ten year old stepdaughter, defendant was found guilty of attempted aggravated rape for which he was sentenced to twelve years in prison. On appeal, defendant relies upon two bills of exceptions to obtain a reversal of his conviction and sentence.
Prior to trial and in conformity with the guidelines set forth by this Court in State v. Prieur, 277 So.2d 126 (La.1973), the State served written notice upon defendant that it intended to offer evidence of another criminal offense to show intent and also to show that each offense was part of a common system. When the evidence was offered and allowed over defense objection, Bill of Exceptions No. 1 was reserved.
The charge in the instant case is that defendant raped his ten year old step-daughter, Donna Kay Morgan, on January 27, 1973. Evidence was adduced by Donna's testimony that on that particular morning, while her mother was absent from the house, defendant picked her up and laid her on the couch. He undressed her ("pulled my panties off") and raped her. It was stipulated by the State and defendant that the medical evidence shows that the hymen of Donna was not ruptured and that there was evidence of sperm in the vagina.
The primary defense was the alleged lack of sexual penetration. In an effort to establish this element of the offense, the State offered the testimony of Donna that in February of 1972 (some eleven months prior to the offense being tried), a similar offense was committed by this defendant with Donna at the same residence. Defendant contends that evidence of this prior offense was irrelevant, but, even if relevant, it was inadmissible because of its highly prejudicial effect. He relies upon State v. Moore, 278 So.2d 781 (La.1973).
State v. Moore also involved a prosecution for aggravated rape. It was held under the facts of that case that evidence of a prior rape allegedly committed by the defendant was not admissible in that prosecution. However, it should be pointed out that the prior offense was committed against a different victim than the one involved in the prosecution for which defendant was then being tried. Therein lies the distinction between the Moore case and the instant case. Here, the prior offense was committed against the same victim (prosecutrix). Louisiana jurisprudence has recognized the admissibility of prior sex crimes committed against the same prosecutrix. State v. Ferrand, 210 La. 394, 27 So.2d 174 (1946), on rehearing; State v. Mischiro, 165 La. 705, 115 So. 909 (1928); State v. Harris, 150 La. 383, 90 So. 686 (1922); State v. McCollough, 149 La. 1061, 90 So. 404 (1922); State v. Wichers, 149 La. 643, 89 So. 883 (1921); State v. DeHart, 109 La. 570, 33 So. 605 (1903).
Generally, courts of other jurisdictions in sexual crimes permit evidence of prior sex offenses which involved the same person as the offense on trial. Wharton's Criminal Evidence, 11th Edition, Vol. I, Section 356. Underhill's Criminal Evidence, 6th Edition, Vol. 1, Section 212 at page 647 notes:
"Sex cases call for special treatment with respect to the admission of evidence of other offenses. They are subject to the same exceptions that non-sex criminal *288 trials are subject to,1 and in addition they are often subject to a special rule relative to the defendant's propensity to commit the crime on trial.
"Some courts depart sharply from the general rule which bars the use of other offenses to prove the defendant's propensity or disposition2 and permit the introduction in sex cases of evidence of other sex offenses in order to show the defendant's propensity, inclination or disposition toward sex in general, that is, without regard to whether the defendant's victim or partner was the same person.3 Other courts refuse evidence of other sex offenses which involve different victims or partners,4 but nearly all courts permit evidence of other sex offenses which involve the same person as the offense on trial, the theory being that the evidence shows the defendant's lustful attitude toward that person.5 In any event, courts in sex cases are probably more liberal than they are in other cases in admitting evidence of other offenses.6
"In the trial of sex offenses the evidence of other sex offenses is not limited to those occurring before the offense on trial,7 but remoteness, as always, is an important consideration.8" (Footnotes omitted) (Emphasis ours)
Likewise, in a prosecution for the commission of statutory rape, or rape of a female under the age of consent, or an attempt to commit such rape, evidence of prior sex offenses committed by the defendant with the same prosecutrix is generally admissible. Such evidence has been admitted for various reasons, such as corroboration of the offense charged, to show intimate relations between the parties, the lustful disposition of the defendant and the probability of his having committed the offense charged, or to rebut the defense of alibi. 77 A.L.R.2d 852 (1961); Wharton's Criminal Evidence, 13th Edition, Vol. I, Section 250 at page 577; 65 Am.Jur.2d, Rape, Section 72, page 803.
Thus, we conclude that in the instant case, evidence of the prior rape by defendant of his ten year old step-daughter was properly admitted in this prosecution for aggravated rape.
Bill of Exceptions No. 1 is without merit.
Bill of Exceptions No. 2 was reserved when Raymond Silipino, a neighbor and witness for the State, was allowed to give the following answer to the question propounded to him:
"Q. What did she say at that point?
"A. Well, when I opened the door she asked if she could use my telephone and this struck me kind of funny right off the bat because I knew they apparently had a phone of their own. She said `I have to call my mother.' The way, in her condition crying and everything and being upset, the first thing that I asked was did something happen or some words to this effect and she said, `Yes, I've just been raped by my father.'"
The State takes the position that the answer was properly allowed as part of the res gestae under R.S. 15:447 and 15:448.[1] They rely upon State v. Hills, 241 La. 345, 129 So.2d 12 (1960) where the court allowed the testimony of the landlord of the victim regarding a statement made by the *289 victim to him within a half hour after the attack.
This Court, in Hills, on original hearing, stated:
"There is a tendency of the courts to extend rather than narrow the scope of the introduction of evidence as res gestae. State v. Fisher, 1929, 168 La. 584, 122 So. 858. Mr. Fraisse [the landlord] testified as to the particulars of the complaint related to him by the prosecuting witness at a time when she was distraught and just calm enough to talk. Her outcry was given to him within a half hour of the alleged attack. We find, from the testimony attached to the bill, that the prosecuting witness's words were impulsive and spontaneous. We do not find that her testimony was a narration of events. We agree with the trial judge that the testimony of Mr. Fraisse was res gestae."
Res gestae doctrine in Louisiana is broad and includes not only spontaneous utterances and declarations made before and after commission of crime but also includes testimony of witnesses and police officers pertaining to what they heard or observed before, during, or after the commission of the crime if the continuous chain of events is evident under the circumstances. State v. Edwards, 287 So.2d 518 (La.1973); State v. Curry, 263 La. 997, 270 So.2d 484 (1972); State v. Sercovich, 246 La. 503, 165 So.2d 301 (1964).
The per curiam of the trial judge simply states that the acts complained of by the defendant were part of the res gestae. No recitation of the facts are given. The attached testimony does not show the exact time period between the actual assault and the recitation of the disputed statement by Donna to Mr. Silipino.
However, the record does reflect that immediately after the rape, Donna cleaned up and dressed. Defendant then told her to watch TV, but, when he went into the back, she ran across the street to the Silipino residence and sought to use the telephone for the purpose of reporting the alleged incident. At the time she arrived at the neighbor's house, she was noticeably upset. This was obvious to Mr. Silipino who inquired as to the reason for her emotional state. It was then that the disputed statement by Donna was made to the effect that she had been raped by defendant, her step-father.
We are convinced that the utterance made by Donna was clearly made under the immediate pressure of the occurrence. She was a ten year old girl who had just been allegedly raped by her stepfather. Silipino testified that Donna was nervous, upset and crying at the time. We find that her statement was impulsive and spontaneous. We do not find that it was a narration of the events. We agree with the trial judge that it was part of the res gestae.
Bill of Exceptions No. 2 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM and CALOGERO, JJ., concur.
TATE, J., concurs. While I can agree that Bill No. 1 does not present reversible error under the circumstances, I believe that even in sex crimes such as the present the probative value of the other offense must outweigh the prejudice.
DIXON, J., dissents.
NOTES
[1] R.S. 15:447 recites: "Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence"

R.S. 15:448 recites: "To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction."