WICKER, Judge.
On April 27, 1984 a bill of information was filed charging the defendant with indecent behavior with a juvenile, in violation of R.S. 14:81. The defendant was arraigned on June 18, 1984, and through counsel entered a plea of not guilty to the charge.
*569 Trial commenced on February 11, 1985, and a jury of six plus one alternate was impaneled. The following day, the jury returned a verdict of guilty of the lesser included offense of attempted indecent behavior with a juvenile. On June 7,1985 the defendant was sentenced to two and one-half years at hard labor. Execution of the sentence was suspended and the defendant was placed on active probation for two and one-half years with the following special conditions: (1) that he serve one year in parish prison; and (2) that he receive special treatment at the discretion of the prison doctor.
It is from the above conviction and sentence that the defendant seeks relief on appeal.
On March 8, 1984, the 16 year old victim and her aunt approached the guidance counselor at Bonnabel High School and reported that the victim had been sexually molested by her stepfather, Jose Trigueros on January 10, 1984. The Office of Human Development was notified and a child protection investigator interviewed the victim at her aunt’s home, where she remained overnight.[1] The following day, Detective Roy Leonard of the Jefferson Parish Sheriffs Office met with the victim and the, child protection agent at the high school. After the victim informed him of the events which allegedly took place on January 10, Detective Leonard contacted Trigueros, who turned himself in on March 14 and was arrested and charged with indecent behavior with a juvenile.
On appeal, appellant presents the following as error:
1.The Court erred in allowing the State to introduce testimony alluding to other purported acts of misconduct by the defendant with the prosecuting witness over a period of years where the crime charged is one of “specific intent”.
2. The Court erred in allowing the State to introduce testimony of acts of purported misconduct by the defendant with the prosecuting witness over a period of years where the notice given by the State was wholly inadequate to meet the standards set out by Supreme Court in State v. Prieur, 277 So.2d 126 (La.1973).
3. The Court erred in allowing the State to proceed after clear prosecutorial misconduct.
4. The Court erred in charging the jury that evidence of other offenses was to be considered for the sole purpose of whether it tends to show specific intent where the crime with which the defendant was charged was one of specific intent for which no evidence of intent was necessary.
In .the first assignment of error, appellant argues that the trial court erred in allowing the State to introduce testimony alluding to other purported acts of misconduct by the defendant with the prosecuting witness over a period of years where the crime charged is one of “specific intent”; and that under LSA-R.S. 15:444 no evidence of intent is necessary in such cases.[2]
Prior to trial, the prosecutor informed defense counsel of his intention to introduce evidence of other crimes committed by the defendant upon the person of the victim. Defense counsel filed a memorandum in opposition to the introduction of other crimes evidence, contending as he does on appeal, that evidence of other crimes is not admissible to show criminal intent when a defendant is charged with a specific intent crimes. However, when ruling that evidence of other crimes committed by the defendant upon the person of the victim was admissible, the trial judge found State v. Acliese, 403 So.2d 665 (La.1981) to be controlling,
In Acliese, supra at 667, the court noted:
*570 “Evidence of other crimes related to the offense with which a defendant is charged is inadmissible except under special exceptions. Aside from related offenses admissible as part of the res ges-tae and convictions admissible for impeachment purposes, Louisiana’s statutes provide for three exceptions — acts relevant to show intent, knowledge or system. La.R.S. 15:445, 446. Louisiana courts have recognized certain other exceptions including the admissibility of prior sex crimes committed against the same prosecutrix. State v. Morgan, 296 So.2d 286 (La.1974); State v. Ferrand, 210 La. 394, 27 So.2d 174 (1946), on rehearing; State v. Mischiro, 165 La. 705, 115 So. 909 (1928); State v. Harris, 150 La. 383, 90 So. 686 (1922); State v. McCollough, 149 La. 1061, 90 So. 404 (1922); State v. Wichers, 149 La. 643, 89 So. 883 (1921); State v. DeHart, 109 La. 570, 33 So. 605 (1903).” [Emphasis added]
See also State v. Bolton, 408 So.2d 250 (La.1981); State v. Kelly, 456 So.2d 642 (La.App. 2nd Cir.1984).
Thus, as can be seen from the jurisprudence, Louisiana courts have developed an exception to the prohibition against the introduction of evidence of other crimes when the evidence is of prior sex crimes committed against the same prosecutrix. This exception is apparently separate and distinct from the exceptions established by R.S. 15:445-446 (i.e. knowledge, system, or intent).
Following direct examination of the victim, the trial judge instructed the jury that it was restricted to considering evidence of past actions by the defendant only for the purpose of deciding whether or not the defendant had a particular desire for the victim and to consider the presence or absence of any such desire as a factor in determining whether the defendant committed the crime with which he was charged. A similar instruction was given in State v. Acliese, supra at 667.
After reviewing the record, we find that appellant’s argument is based on the misconception that the evidence was admitted under R.S. 15:445-446 to show intent. However, the record shows that the evidence was admitted pursuant to the jurisprudential exception discussed in Acliese. Consequently, we hold that the evidence of the defendant’s past crimes against the victim was admissible under a jurisprudentially established exception to the general prohibition against evidence of other crimes.
Appellant secondly argues that the trial court erred in allowing the State to introduce testimony alluding to other acts of purported misconduct by the defendant with the prosecuting witness over a period of years where the notice given by the State was wholly inadequate to meet the standards set by our Supreme Court in State v. Prieur, supra and State v. Goza, 408 So.2d 1349 (La.1982).[3]
In State v. Prieur, supra at 130 the Supreme Court held:
“When the State intends to offer evidence of other criminal offenses under the exceptions outlined in R.S. 15:445 and 446:
(1) The State shall within a reasonable time before trial furnish in writing to the defendant a statement of the acts or offenses it intends to offer, describing same with the general particularity required of an indictment or information. No such notice is required as to evidence of offenses which are a part of the res gestae, or convictions used to impeach defendant’s testimony.” at p. 130
In the instant case, appellant received notice on December 7, 1984 that the state intended to introduce evidence of other crimes. Appellant did not object to the sufficiency of notice at the trial, but instead raises the issue for the first time in this court". Because he failed to raise the *571 issue timely in the trial court, under C.Cr.P. Art. 841, we find that he has waived the right to raise the issue on appeal. See La.C.Cr.P. Art. 841; State v. Baylis, 388 So.2d 713 (La.1980); State v. Risen, 357 So.2d 531 (La.1978).[4]
Appellant also complains that the court’s failure to rule on the admissibility of other crimes evidence until after trial began was a denial of due process.[5] The argument appears to assume that a pre-trial hearing was necessary. However, in State v. Lukefahr, 363 So.2d 661, 665 (La. 1978) the Supreme Court stated:
“Prieur does not, as the defendant contends, require a pre-trial evidentiary hearing as to whether extraneous other-crime evidence may be admitted. It only requires that, before such evidence is introduced the trial court must determine, on the basis of the showing requisite for it to do so at a hearing outside the presence of the jury, that the extraneous acts are probative of a real issue and that their probative value exceeds their prejudicial effect.”
See also, State v. Hatcher, 372 So.2d 1024 (La.1979).
In the instant case, after the jury had been selected but before any witnesses were called, the trial judge ruled that the evidence was admissible under Acliese, supra. The fact that the jury had already been selected at the time the ruling was made had no bearing on the validity of the ruling. Lukefahr, supra.
We find therefore, no merit to appellant’s second assignment of error.
In regard to appellant’s assignment of error number three, it is asserted that the trial court erred in allowing the State to proceed after clear prosecutorial misconduct.
The record reveals that during closing argument the prosecutor stated that the defendant “... was going to want to have intercourse with her. He was going to rape his own step-daughter. That’s what her fear was. Because that’s what he told her he was going to do.” Defense counsel objected, stating “that’s just pure conjecture ... its prosecutorial misconduct.” The prosecutor argued that the statement was within the evidence presented during trial. The trial judge apparently agreed, stating “[w]ell, as long as you don’t stray from the evidence produced at trial.” The prosecutor thereafter continued closing argument without further objection. On appeal, appellant contends that the prosecutor’s argument violated the provisions of LSA-C.Cr.P. Art. 774.
La.C.Cr.P. Art. 774 provides as follows: “The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The state’s rebuttal shall be confined to answering the argument of the defendant.”
In State v. Clark, 387 So.2d 1124, 1131 (La.1980), the court noted: “Counsel are permitted in argument to make fair and reasonable conclusions from the facts introduced in evidence ... Further, counsel may properly comment on and summarize *572 the evidence in arguing facts.” As long as the prosecutor’s argument is expressly or impliedly based on the evidence, no error is committed, and closing statements are not beyond the evidence so long as the inference drawn is not implausible. State v. Bretz, 394 So.2d 245 (La.1981).
In the instant case, the victim testified that the defendant would molest her when no one else was home.[6] She went on to relate that the defendant told her that he wanted to be the first person to have intercourse with her and that “I asked him ... if I could have a boyfriend and he told me no, that I was going to be his and nobody could have me ...” The victim further stated that on January 10, 1984 the defendant pulled off her shirt and started to suck her breasts, rubbed her vagina, and told her that he loved her. The incident was broken off when the doorbell rang.
In closing argument, the prosecutor attempted to explain the victim’s delay in reporting the January 10th incident until March 8 by pointing out that another series of exams were scheduled to begin on March 17 and “[the victim] knew she couldn’t ... be at home by herself with Jose Trigueros, because it was going to happen again. And she knew ultimately the bottom line was going to be he was going to — he was going to want to have intercourse with her ... rape his own stepdaughter. That’s what her fear was. Because that’s what he had told her he was going to do.”
It is clear from the record that the prosecutor expressed a plausable inference supported by the facts introduced into evidence. It was based directly on the victim’s testimony and would appear to be a fair and reasonable explanation as to why the victim felt compelled to report the incident on March 8, 1984, almost two months after it occurred.[7] Thus we do not find that the prosecutor’s statement went beyond the evidence, and therefore further find that no error was committed by the trial court. See State v. Bretz, supra.
Appellant argues in the fourth assignment of error that the trial court erred in charging the jury that evidence of other offenses was to be considered for the sole purpose of whether it tends to show specific intent where the crime with which the defendant was charged was one of specific intent for which no evidence of intent was necessary.
Similarly to the argument presented in assignment number one, appellant contends that the trial court erred when instructing the jury as to the sole purpose for which evidence of other offenses could be considered because “indecent behavior ... is clearly a specific intent crime for which there is absolutely no justification for allowing evidence that tends to show system and intent.”
La.C.Cr.P. Art. 801 provides in pertinent part as follows:
“A party may not assign as error the giving or failure to give a jury charge or any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error. The nature of the objection and grounds therefor shall be stated at the time of objection. The court shall give the party an opportunity to make the objection out of the presence of the jury.” [Emphasis added]
Louisiana jurisprudence indicates that a defendant must object to the proposed charges and state the basis for the objection if he is to preserve the issue for appeal. La.C.Cr.P. Art. 841; State v. Jack *573 son, 450 So.2d 621 (La.1984); State v. Ruple, 437 So.2d 873 (La.App. 2nd Cir.1983), State v. Necaise, 466 So.2d 660 (La.App. 5th Cir.1985).
In the instant ease, defense counsel did not object to the proposed jury instructions. In fact, he specifically stated that he had no objection to the instructions. Because no objection was made to the instructions at a time when the trial judge would have been able to correct any errors, we find that appellant is precluded from raising this issue on appeal.
Accordingly, after a review of the law and evidence, the defendant’s conviction and sentence are hereby affirmed.
AFFIRMED.

. The victim was later adjudicated a child in need of care. The state was given legal custody: physical custody was given to the victim’s aunt.

. LSA R.S. 15:444 provides:
“If a statute has made it a crime to do a particular act, no further proof of intent is required than that accused voluntarily did the act; and any evidence that he did not know such act to be forbidden by law is inadmissible.”

. Although no cases have addressed the issue, it is assumed that notice is also required when evidence is to be admitted under jurispruden-tially established exceptions to the prohibition against evidence of other crimes.

. Art. 841 provides as follows:
"An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.
The requirement of an objection shall not apply to the court's ruling on any written motion.”
In Baylis and Risen, errors assigned to the lack of Prieur notice were deemed waived by the failure to object at trial.

. In Prieur, supra at 130, the court noted:
"Prerequisite to the admissibility of the evidence is a showing by the State that the evidence of other crimes is not merely repetitive and cumulative, is not a subterfuge for depicit-ing the defendant’s bad character or his propensity for bad behavior, and that it serves the actual purpose for which it is offered.”

. The incident for which the defendant was on trial took place on January 10, 1984. The victim was dismissed from school early due to exams, and the defendant was unemployed at the time and hence was at home.

. Throughout trial and in closing argument, defense counsel attempted to establish that the incident never occurred and that the victim was lying to get back at her parents, who were strict disciplinarians. The victim was not allowed to attend any parades on Mardi Gras Day (March 6, 1984). Defense counsel alleged that this precipitated the March 8 accusations.'