498 So.2d 82 (1986)
STATE of Louisiana
v.
Carolyn MOORE.
No. 86-KA-260.
Court of Appeal of Louisiana, Fifth Circuit.
November 10, 1986.
John M. Mamoulides, Dist. Atty., Dorothy Pendergast, Asst. Dist. Atty., Gretna, for plaintiff-appellee.
Martha E. Sassone, Gretna, for defendant-appellant.
Before BOWES, DUFRESNE and WICKER, JJ.
DUFRESNE, Judge.
Defendant, Carolyn Moore, was indicted by the grand jury for two counts of first degree murder in violation of La.R.S. 14:30. Both counts were amended to charge the defendant with second degree murder in *83 violation of La.R.S. 14:30.1. After a sanity hearing, which found the defendant to be legally sane, trial was held and the defendant was found guilty as charged. On December 13, 1985, she was sentenced to life imprisonment at hard labor on each count without benefit of parole, probation or suspension of sentence. The two life sentences were to run consecutively.
Defendant now appeals on the basis of three assignments of error:
1. The trial court committed reversible error in admitting photographs numbered 9, 10, 11 into evidence over the objection of defense counsel.
2. The trial court committed reversible error in admitting the shotgun marked # 18 into evidence over the objection of defense counsel.
3. The trial court committed reversible error in allowing the State to introduce evidence of similar crimes during their rebuttal without a prior evidentiary hearing.
We considered these three assignments of error and find them without merit. Also, there are no errors patent. Accordingly, Moore's conviction and sentence are affirmed.

FACTS
On January 7, 1985, the defendant, Carolyn Moore, and a co-defendant, Mark Wayne Miller drove to the Allstate Insurance Office located at 2500 Lapalco Boulevard in Harvey for the purpose of committing an armed robbery.
While Mark Miller stayed in the car, Carolyn Moore knocked on the locked doors of the Allstate Office, and was able to get the two men inside to unlock the door and let her in. As she was talking to one of the men, Mark Miller entered the door with a .22 automatic pistol, at which point Carolyn Moore pulled out a .25 automatic pistol and held it on the two men. Carolyn Moore and Mark Miller then searched the victims and took all of their money and jewelry. Carolyn Moore and Mark Miller then forced the two victims into a back room and made them lie down on their stomachs. Carolyn Moore left the victims in the back room with Mark Miller and went outside to start the car. Mark Miller then shot the two victims and fled the scene of the crime with Carolyn Moore.
Defendant, Carolyn Moore, was arrested on January 17, 1985, and subsequent to her arrest she made a seventeen page statement which was admitted into evidence at trial. Both in her statement and in her testimony at trial, Carolyn Moore admitted to participating in the armed robbery, but stated that she was forced by Mark Miller to take part in the crime. Defendant stated that she was physically abused and threatened with death if she did not do what he told her to do. Defendant also testified that Mark Miller threatened to kill her family who was living in Texas. Defendant also testified that she did not know that Mark Miller had shot the two victims until sometime after they left the scene of the robbery. To corroborate defendant's statement as to physical abuse, the defense introduced photographs of the defendant showing marks and bruises, allegedly inflicted by Mark Miller.
Mark Miller also testified in this trial, but as a state witness. Pursuant to an agreement with the state, Mark Miller pleaded guilty to two counts of first degree murder without capital punishment, had two armed robbery charges against him dismissed, and testified for the prosecution at the trial of Carolyn Moore. In his testimony, Mark Miller admitted to firing the shots that killed the two victims, but further testified that Carolyn Moore was a willing participant in the crime and even urged him to kill the two victims. He denied forcing her to participate or threatening her in any way.
For impeachment purposes only, the defense counsel called Victor Parker, who was an inmate with Mark Miller, at the Jefferson Parish Correctional Center, to testify. Victor Parker testified that Mark Miller told him Carolyn Moore was with him against her will. Mark Miller also allegedly told Victor Parker that he would *84 beat Carolyn Moore and also that he threatened to kill Carolyn Moore's family and further that he planned to testify against her because it was the only way of getting out of the electric chair. This testimony was used for impeachment purposes only.
In rebuttal, the state used evidence of Carolyn Moore's involvement in other armed robberies to show intent.

ASSIGNMENT OF ERROR NO. 1
The defendant argues that the trial court erred in admitting photographs numbered 9, 10, and 11 over the objection of defense counsel because the photographs were gruesome and the inflammatory and prejudicial effect on the jury outweighed any probative value they might have had. S-9 shows both bodies as they were found by the police lying on the floor at the site of the shootings; S-10 depicts part of the leg of one of the victims and a .22 caliber casing; S-11 represents one of the bodies and a casing.
The test used in determining admissibility of photographs is whether the probative value of an allegedly gruesome photograph outweighs its prejudicial effect upon the jury, State v. Dean, 487 So.2d 709 (La.App. 5th Cir.1986). The evidence, of course, must also be relevant for some purpose, and a balance must be struck between the evidentiary value of the photograph and its tendency to overwhelm reason and to associate the accused with the atrocity without sufficient evidence, State v. Sterling, 377 So.2d 58 (La.1979). Generally, photographs of the body of the deceased victim have been held relevant to prove the death, to corroborate other evidence of the cause of death, to establish the location, severity and number of wounds, and to prove the identity of the victim, State v. Dean, supra, State v. Bennett, 454 So.2d 1165 (La.App. 1st Cir.1984).
In the present case, the photographs are relevant to show the identity of the victims, the cause and manner of death, the location where the victims were first found, the general layout of the crime scene and the wounds. The relevance and probativity of the photographs outweigh any possible prejudicial effect they might have.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 2
The defendant argues that it was error for the trial court to admit the shotgun into evidence, on the basis that the evidence is not relevant because there has been no testimony to the effect that the shotgun was used in the incident for which defendant is on trial.
La.R.S. 15:441 defines relevant evidence as "that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent. Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible".
Before demonstrative evidence can be admitted into evidence it must be shown that, more probably than not, it is connected to the case, which foundation can be laid by establishing chain of custody of the evidence, or by visual identification. Once that foundation is established, the weight to be given the evidence is a question for the jury, State v. Landry, 388 So.2d 699 (La.1980).
Before relating the present facts to the relevancy issue, it is necessary to address the state's contention that defense counsel's objection to the introduction of the weapon came too late, as the jury had already seen this weapon and heard through Mark Miller's testimony that it was in his and Carolyn Moore's car on the night of the killings. The State bases this contention on C.Cr.P. art. 841 which states "an irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence".
In the present case, Mark Wayne Miller, Moore's companion in these two murders testified for the prosecution. While testifying, Miller was shown the shotgun marked S-18, at the request of the prosecutor. *85 Miller testified that he recognized the weapon as the one that had been in his and Moore's automobile on the night of the murder. No objection was made to Miller's testimony at this time by the defense. However, later in the trial, when the State offered the shotgun into evidence, the defense counsel did object on the basis of relevancy. Since the objection was made contemporaneously with the State's introduction of the shotgun into evidence, it was timely made in accordance with C.Cr.P. art. 841, and thus not waived on appeal.
It is necessary to look at the facts of the present case to see if the admission of the shotgun is relevant. The gun was in the defendant's car and could have been used as a back-up weapon if needed. Further, its introduction was simply to show intent and presented no prejudicial effect.
This assignment is without merit.

ASSIGNMENT OF ERROR NO. 3
Moore contends in this assignment that the introduction of evidence of similar crimes during the State's rebuttal without a prior evidentiary hearing was reversible error.
Evidence of crimes related to the offense with which defendant is charged is inadmissible. However, there are several exceptions to this general rule. Aside from related offenses admissible as part of res gestae, and convictions admissible for impeachment purposes, Louisiana's statutes provide for only three exceptions to the general rule of inadmissibility-acts relevant to show intent, knowledge, or system, State v. Prieur, 277 So.2d 126 (La.1973). Beyond the terms of these statutes, proof of other crimes exhibiting almost the identical modus operandi or system, committed in close proximity in time or place has been held, by courts, to be admissible for limited purposes, State v. Ballard, 351 So.2d 484 (La.1977).
Here the State uses the evidence of previous crimes to show both intent and method of operation. The contested evidence here consisted of the rebuttal testimony of an employee of H & R Block to the effect that on January 4, 1985, while the employee was getting ready to close the office, a black male and a black female entered the office at which time the male pointed a sawed-off shotgun at the employee, demanding her money. The woman further testified that the female hit her on the head with a pistol to make her lie down on the floor. As the female watched the victim, the male perpertrator searched the other parts of the office. The employee of H & R Block positively identified defendant as one of the perpertrators of that armed robbery.
There was also the rebuttal testimony of an employee/owner of Zack's Yogurt Shop, to the effect that her store was also robbed on January 4, 1985, by a black male and a black female. The employee further testified that the woman held a sawed-off shotgun on her as the man went into the back of the store. The woman then forced the victim to open the register and sit in a corner on the floor. The employee identified the defendant as the female involved in that armed robbery.
To corroborate the above testimony, a police detective who questioned the defendant testified that the defendant admitted to the police that she had been involved in those two similar incidents.
The Louisiana Supreme Court in State v. Hatcher, 372 So.2d 1024 (La.1979), on rehearing, set forth a test for the admissibility of extraneous offense evidence. The test has five parts:
(1) There must be clear and convincing evidence of the commission of the other crimes and defendant's connection therewith.
(2) The modus operandi employed by the defendant in both the charged and the uncharged offenses must be so peculiarly distinctive that one must logically say they are the work of the same person.
(3) The other crimes evidence must be substantially relevant for some other purpose than to show a probability that the defendant committed the crime on trial because he is a man of criminal character.
*86 (4) The other crimes evidence must tend to prove a material fact genuinely at issue.
(5) Probative value of the extraneous crimes evidence must outweigh its prejudicial effect.
Based on the foregoing testimony and the other facts of this case, it is necessary to see if the test enunciated in the Hatcher case has been met. 1) The defendant's admission to her involvement in the offenses and the testimony and positive identification of defendant by the rebuttal witnesses established clear and convincing evidence of the commission of other crimes and the defendant's connection therewith.
2) Although there were no distinguishing features of the modus operandi, the methods used in all the robberies were similar. The incident at H & R Block and Zack's Yogurt Shop occurred within the same period of time, both defendant and Mark Wayne Miller were involved and present throughout the entire transactions, both were armed, both gave orders and instructed people to move about. The defendant would hold the shotgun/pistol on the victim while Mark Wayne Miller would search the rest of the shop.
3) The other crimes evidence was not used solely to show defendant's criminal conduct.
4) The other crimes evidence tends to prove intent of defendant, which was the main issue at trial. Defendant contends that she was forced, by beatings and threats to her family, to participate in the Allstate robbery/murders. She also contends that she did not know the victims were murdered until she and her accomplice were in the getaway car. Admission of the other crimes show defendant had the requisite intent and to also show that she was a willing participant in the charged offense.
5) Also, the probative value outweighs any prejudicial effect, especially since the other crimes evidence is used to establish intent, which is the main issue in the trial.
The defendant bases this assignment on the fact that the similar crimes were introduced during rebuttal without a prior evidentiary hearing, as is required by Prieur. This does not necessarily mean a pre-trial evidentiary hearing is required. In State v. Lukefahr, 363 So.2d 661 (La.1978), the Supreme Court stated:
"Prieur does not, as the defendant contends, require a pre-trial evidentiary hearing as to whether extraneous other-crime admissability be admitted. It only requires that, before such evidence is introduced the trial court must determine, on the basis of the showing requisite for it to do so at a hearing outside the presence of the jury, that the extraneous acts are probative of a real issue and that their probative value exceeds their prejudicial effect."
See also State v. Trigueros, 485 So.2d 568 (La.App. 5th Cir.1986).
The notice of intent was served on defense counsel prior to the trial and a discussion between the attorneys and the trial judge outside the presence of the jury was held. After this discussion the judge ruled "the other crimes" evidence was admissable.
At the trial, although the defense counsel objected to the introduction of "the other crimes" evidence, it was not objected to on the ground that there was no prior evidentiary hearing. Since an objection or new grounds for an objection cannot be raised for the first time on appeal, accordingly, defendant's argument based on lack of a prior evidentiary hearing is without merit. Further, the admissibility of this evidence did not constitute error. The probative value far exceeded any prejudicial effect to the defendant.
This assignment is without merit.
We have further reviewed the entire record for errors patent and find none.
For these reasons we affirm the conviction and sentence of the defendant.
AFFIRMED.