535 So.2d 861 (1988)
STATE of Louisiana, Appellee,
v.
Larry G. "Butch" BAKER, Appellant.
No. 19878-KA.
Court of Appeal of Louisiana, Second Circuit.
August 17, 1988.
*862 Charles G. Gladney, Bastrop, Roland Charles, Jay Nolen, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Baton Rouge, James A. Norris, Jr., Dist. Atty., Monroe, John P. Spires, Asst. Dist. Atty., Bastrop, for appellee.
Before HALL, C.J., and FRED. W. JONES, Jr. and NORRIS, JJ.
HALL, Chief Judge.
Defendant, Larry G. "Butch" Baker, was charged by indictment with four counts of aggravated rape involving two young boys under age twelve in violation of LSA-R.S. 14:42. A twelve person jury returned a unanimous verdict of guilty as to all four counts. Defendant was sentenced to life imprisonment on each count, consecutive to one another, without benefit of parole, probation or suspension of sentence as to each count. He now appeals contending that the trial court erred in (1) denying defendant's motion to sever the four counts; (2) allowing the introduction of other crimes evidence; and (3) ruling that the district attorney's last notice to introduce other *863 crimes evidence was timely. Finding defendant's contentions meritless, we affirm.
In February of 1984 defendant came to Morehouse Parish from Tangipahoa Parish to visit his brother, accompanied by his wife and victim no. 1 who was ten years old at the time. Victim no. 1 stayed in the room with defendant and several other people. At night defendant forced the child into anal intercourse and also performed oral sex upon the child. On the second night defendant again forced the child into an act of anal intercourse and also stuck his finger into the child's rectum. On the third night defendant performed anal intercourse with the child.
During trial, victim no. 1 testified that defendant had also performed anal intercourse upon him in Tangipahoa Parish. Officials from Tangipahoa Parish testified that defendant pled guilty to the forcible rape of victim no. 1 in that parish.
Victim no. 2 is the foster child of one of defendant's brothers and was six years old at the time of the acts. He testified that defendant, while visiting his brother in Morehouse Parish in April, 1984, took him to church one night. Before church began defendant took him behind the church and performed anal intercourse upon him. Later that night while in church the child fell asleep. Defendant then took the child out to his van and again performed anal intercourse upon him. They went back into church where defendant forced him to hold his penis.
Assignment of Error No. 1
Defendant first argues that the trial court erred in not severing the two counts as to victim no. 1 from the two counts involving victim no. 2. He contends that the evidence of prior crimes with victim no. 1 only served to show that defendant was a bad man and was highly prejudicial in nature.
Two or more offenses may be joined in the same indictment in a separate count for each offense if the offenses charged are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan, provided that the offenses joined must be triable by the same mode of trial. LSA-C.Cr.P. Art. 493.
In the instant case, the offenses charged, four counts of aggravated rape, are of the same or similar character. Since the punishment for each offense is necessarily confinement at hard labor, the mode of trial (jury composed of twelve jurors, ten of whom must concur to render a verdict) is the same. LSA-C.Cr.P. Art. 782. Hence, the offenses were properly joined in the same indictment. See State v. Celestine, 452 So.2d 676 (La.1984).
When an accused has been charged in the same indictment with two or more offenses pursuant to Art. 493, he may apply for severance of offenses under LSA-C.Cr.P. Art. 495.1, which provides:
If it appears that a defendant or the state is prejudiced by a joinder of offenses in an indictment or bill of information or by such joinder for trial together, the court may order separate trials, grant a severance of offenses, or provide whatever other relief justice requires.
This motion is addressed to the sound discretion of the trial court and the court's ruling should not be disturbed on appeal absent a showing of an abuse of discretion. State v. Celestine, supra; State v. Williams, 418 So.2d 562 (La.1982). Considerations for the trial court in determining whether prejudice may result from joinder include whether the jury would be confused by the various counts; whether the jury would be able to segregate the various charges and evidence; whether the defendant could be confounded in presenting his various defenses; whether the crimes charged would be used by the jury to infer a criminal disposition and finally, whether, especially considering the nature of the charges, the charging of several crimes would make the jury hostile. State v. Celestine, supra; State v. Washington, 386 So.2d 1368 (La.1980).
In State v. Carter, 352 So.2d 607 (La.1977), the court stated that Art. 495.1, as it read at that time, normally required severance when the offenses were joined *864 solely because they were of the "same or similar" character unless evidence of each offense would have been respectively admissible at the separate trial of the other. In Washington, the court confirmed Carter as remaining viable as a criterion for judging when there is a strong possibility of prejudice. The court recognized in Celestine that severance need not be granted if the prejudice could effectively be avoided by other safeguards. A severance is not mandated simply because the offense would not be admissible at separate trials if the defendant is not "prejudiced" by the joinder.
There is no prejudicial effect from the joinder of two or more offenses when the evidence of each offense is relatively simple and distinct even though such evidence might not have been admissible in separate trials of the offenses because, with a proper charge, the jury can easily keep the evidence of each offense separate in its deliberations. State v. Celestine, supra; State v. Williams, supra; State v. Washington, supra; State v. Mills, 505 So.2d 933 (La.App.2d Cir.1987) writ denied 508 So.2d 65 (La.1987); State v. Lowe, 485 So.2d 99 (La.App.2d Cir.1986) writ denied 488 So.2d 199 (La.1986).
We find that although the four aggravated rape counts are similar, they probably do not qualify as being admissible under LSA-R.S. 15:445 and 446 to establish intent, knowledge or system in accordance with State v. Prieur, 277 So.2d 126 (La. 1973). However, we find no prejudice to defendant by joinder of these offenses. The jury was not confused by the various counts which were relatively simple and distinct. The state presented its evidence in a meticulous and orderly fashion thereby enabling the jury to compartmentalize the evidence of each charged crime. Defendant was not hampered in presenting his defense, and in fact offered no defense other than cross-examination of the state's witnesses. The jury was given and returned separate verdict forms as to each count. The jury was instructed that each juror must arrive at his or her separate and individual decision as to each count, that a separate verdict is required for each count, and that they had forms with each count separately designated.
We conclude that defendant was not prejudiced by the joinder and that the trial court did not abuse its descretion in denying the motion to sever.
This assignment of error is without merit.
Assignments Nos. 2 and 3
Through these assignments defendant contends that the state did not give reasonable or timely written notice of its intent to use other crimes evidence. He also argues that the other crimes evidence was not properly admissible to prove system, knowledge, and intent under LSA-R.S. 15:445, 446 in compliance with State v. Prieur, supra.
On May 14, 1987 the state filed a "motion for order permitting instruction at trial of other crimes evidence." On October 12, 1987, one day prior to trial, the state filed an "amended motion for order permitting instructions at trial of other crimes evidence" and a Prieur hearing was held. The amended motion corrected the docket number from the court in Tangipahoa Parish and crimes charged thereunder but did not add any additional crimes, and broadened the statement of purposes for which the evidence would be offered.
The state shall within a reasonable time before trial furnish in writing to the defendant a statement of the acts or offenses it intends to offer, describing same with the general particularity required of an indictment or information. State v. Prieur, supra. In determining whether reasonable notice was given the court must consider whether defendant had sufficient time to adjust his trial strategy. State v. Tennant, 352 So.2d 629 (La.1977).
Defense counsel was not surprised or prejudiced by the state's filing of the amended motion one day prior to trial. At the Prieur hearing, defense counsel objected to the timeliness of the amended motion but admitted that the first notice was timely and that he received oral notice of the amendment on October 2, 1987 while discussing *865 the case with the assistant district attorney. Defense counsel further stated that his co-counsel had received a copy of the amended notice on October 7th and he had received notice on October 8th. Defense counsel was well aware of the crimes in Tangipahoa Parish and the amended notice merely corrected the docket number and more clearly set forth the state's reasons for introduction of the evidence. The notice was reasonable and adequate.
Defendant also argues that the trial court erred in allowing the introduction of evidence of other crimes with one of the victims in Tangipahoa Parish.
Evidence of other crimes related to the offense with which a defendant is charged is inadmissible except under special exceptions. Aside from related offenses admissible as part of the res gestae and convictions admissible for impeachment purposes, Louisiana's statutes provide for three exceptionsacts relevant to show intent, knowledge or system. LSA-R.S. 15:445, 446. Louisiana courts have recognized certain other exceptions, including the admissibility of prior sex crimes committed against the same prosecutrix. State v. Acliese, 403 So.2d 665 (La.1981), State v. Morgan, 296 So.2d 286 (La.1974); State v. Ferrand, 210 La. 394, 27 So.2d 174 (1946), on rehearing; State v. Mischiro, 165 La. 705, 115 So. 909 (1928); State v. Harris, 150 La. 383, 90 So. 686 (1922); State v. McCollough, 149 La. 1061, 90 So. 404 (1922); State v. Wichers, 149 La. 643, 89 So. 883 (1921); State v. DeHart, 109 La. 570, 33 So. 605 (1903); State v. Trigueros, 485 So.2d 568 (La.App. 5th Cir.1986).
Evidence of prior sex offenses committed by the defendant with the same victim is generally admissible as corroboration of the offense charged, to show intimate relations between the parties, the lustful disposition of the defendant and the probability of his having committed the offense charged, or to rebut the defense of alibi. State v. Acliese, supra.
We recognize the potential for misuse of other crimes evidence. However, the trial court properly instructed the jury following the testimony of victim no. 1 as to the prior offenses as follows:
It is your duty to accept the law as given by the Court. Under your oaths, the oaths that you have taken, you are restricted in considering evidence of other crimes or past actions by the defendant only for the purpose of deciding whether or not the defendant had a particular sexual desire for the victim and to consider the presence or absence of any such desire as a factor in determining whether defendant committed the crimes of which he is charged. That is aggravated rape, of this victim, [victim no. 1] occurring on or about February 28, 1984....
After close of the evidence, the court again instructed the jury:
Under your oaths you are restricted in considering evidence of other actions by the defendant only for the purpose of deciding whether or not defendant had a particular sexual desire for the victim, [victim no. 1] and to consider the presence or absence of any such desire as a factor in determining whether the defendant committed the crimes of aggravated rape upon [victim no. 1] two counts thereof, both occurring on or about February 28, 1984 in Morehouse Parish Louisiana. Remember defendant cannot be convicted of any charges other than the ones named in the amended indictment or one of those charges responsive thereto.
The probative value of the evidence, considering the age of the victim at both the time of the crimes and at the time of trial, outweighs the possible prejudicial effect. The trial court properly admitted the evidence.
These assignments of error are without merit.
Decree
Accordingly, the defendant's convictions and sentences are affirmed.
Affirmed.